# EXHIBIT D

Avis juridique important

# 32001R0044

**Council Regulation (EC) No 44/2001 of 22 December 2000 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters**

*Official Journal L 012 , 16/01/2001 P. 0001 - 0023*

Council Regulation (EC) No 44/2001

of 22 December 2000

on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters

THE COUNCIL OF THE EUROPEAN UNION,

Having regard to the Treaty establishing the European Community, and in particular Article 61(c) and Article 67(1) thereof,

Having regard to the proposal from the Commission(1),

Having regard to the opinion of the European Parliament(2),

Having regard to the opinion of the Economic and Social Committee(3),

Whereas:

(1) The Community has set itself the objective of maintaining and developing an area of freedom, security and justice, in which the free movement of persons is ensured. In order to establish progressively such an area, the Community should adopt, amongst other things, the measures relating to judicial cooperation in civil matters which are necessary for the sound operation of the internal market.

(2) Certain differences between national rules governing jurisdiction and recognition of judgments hamper the sound operation of the internal market. Provisions to unify the rules of conflict of jurisdiction in civil and commercial matters and to simplify the formalities with a view to rapid and simple recognition and enforcement of judgments from Member States bound by this Regulation are essential.

(3) This area is within the field of judicial cooperation in civil matters within the meaning of Article 65 of the Treaty.

(4) In accordance with the principles of subsidiarity and proportionality as set out in Article 5 of the Treaty, the objectives of this Regulation cannot be sufficiently achieved by the Member States and can therefore be better achieved by the Community. This Regulation confines itself to the minimum required in order to achieve those objectives and does not go beyond what is necessary for that purpose.

(5) On 27 September 1968 the Member States, acting under Article 293, fourth indent, of the Treaty, concluded the Brussels Convention on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters, as amended by Conventions on the Accession of the New Member States to that Convention (hereinafter referred to as the "Brussels Convention")(4). On 16 September 1988 Member States and EFTA States concluded the Lugano Convention on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters, which is a parallel Convention to the 1968 Brussels Convention. Work has been undertaken for the revision of those Conventions, and the Council has approved the content of the revised texts. Continuity in the results achieved in that revision should be ensured.

(6) In order to attain the objective of free movement of judgments in civil and commercial matters, it is necessary and appropriate that the rules governing jurisdiction and the recognition and enforcement of judgments be governed by a Community legal instrument which is binding and directly applicable.

(7) The scope of this Regulation must cover all the main civil and commercial matters apart from certain well-defined matters.

(8) There must be a link between proceedings to which this Regulation applies and the territory of the Member States bound by this Regulation. Accordingly common rules on jurisdiction should, in principle, apply when the defendant is domiciled in one of those Member States.

(9) A defendant not domiciled in a Member State is in general subject to national rules of jurisdiction applicable in the territory of the Member State of the court seised, and a defendant domiciled in a Member State not bound by this Regulation must remain subject to the Brussels Convention.

(10) For the purposes of the free movement of judgments, judgments given in a Member State bound by this Regulation should be recognised and enforced in another Member State bound by this Regulation, even if the judgment debtor is domiciled in a third State.

(11) The rules of jurisdiction must be highly predictable and founded on the principle that jurisdiction is generally based on the defendant's domicile and jurisdiction must always be available on this ground save in a few well-defined situations in which the subject-matter of the litigation or the autonomy of the parties warrants a different linking factor. The domicile of a legal person must be defined autonomously so as to make the common rules more transparent and avoid conflicts of jurisdiction.

(12) In addition to the defendant's domicile, there should be alternative grounds of jurisdiction based on a close link between the court and the action or in order to facilitate the sound administration of justice.

(13) In relation to insurance, consumer contracts and employment, the weaker party should be protected by rules of jurisdiction more favourable to his interests than the general rules provide for.

(14) The autonomy of the parties to a contract, other than an insurance, consumer or employment contract, where only limited autonomy to determine the courts having jurisdiction is allowed, must be respected subject to the exclusive grounds of jurisdiction laid down in this Regulation.

(15) In the interests of the harmonious administration of justice it is necessary to minimise the possibility of concurrent proceedings and to ensure that irreconcilable judgments will not be given in two Member States. There must be a clear and effective mechanism for resolving cases of lis pendens and related actions and for obviating problems flowing from national differences as to the determination of the time when a case is regarded as pending. For the purposes of this Regulation that time should be defined autonomously.

(16) Mutual trust in the administration of justice in the Community justifies judgments given in a Member State being recognised automatically without the need for any procedure except in cases of dispute.

(17) By virtue of the same principle of mutual trust, the procedure for making enforceable in one Member State a judgment given in another must be efficient and rapid. To that end, the declaration that a judgment is enforceable should be issued virtually automatically after purely formal checks of the documents supplied, without there being any possibility for the court to raise of its own motion any of the grounds for non-enforcement provided for by this Regulation.

(18) However, respect for the rights of the defence means that the defendant should be able to appeal in an adversarial procedure, against the declaration of enforceability, if he considers one of the grounds for non-enforcement to be present. Redress procedures should also be available to the claimant where his application for a declaration of enforceability has been rejected.

(19) Continuity between the Brussels Convention and this Regulation should be ensured, and transitional provisions should be laid down to that end. The same need for continuity applies as regards the interpretation of the Brussels Convention by the Court of Justice of the European Communities and the 1971 Protocol(5) should remain applicable also to cases already pending when this Regulation enters into force.

(20) The United Kingdom and Ireland, in accordance with Article 3 of the Protocol on the position of the United Kingdom and Ireland annexed to the Treaty on European Union and to the Treaty establishing the European Community, have given notice of their wish to take part in the adoption and application of this Regulation.

(21) Denmark, in accordance with Articles 1 and 2 of the Protocol on the position of Denmark annexed to the Treaty on European Union and to the Treaty establishing the European

Community, is not participating in the adoption of this Regulation, and is therefore not bound by it nor subject to its application.

(22) Since the Brussels Convention remains in force in relations between Denmark and the Member States that are bound by this Regulation, both the Convention and the 1971 Protocol continue to apply between Denmark and the Member States bound by this Regulation.

(23) The Brussels Convention also continues to apply to the territories of the Member States which fall within the territorial scope of that Convention and which are excluded from this Regulation pursuant to Article 299 of the Treaty.

(24) Likewise for the sake of consistency, this Regulation should not affect rules governing jurisdiction and the recognition of judgments contained in specific Community instruments.

(25) Respect for international commitments entered into by the Member States means that this Regulation should not affect conventions relating to specific matters to which the Member States are parties.

(26) The necessary flexibility should be provided for in the basic rules of this Regulation in order to take account of the specific procedural rules of certain Member States. Certain provisions of the Protocol annexed to the Brussels Convention should accordingly be incorporated in this Regulation.

(27) In order to allow a harmonious transition in certain areas which were the subject of special provisions in the Protocol annexed to the Brussels Convention, this Regulation lays down, for a transitional period, provisions taking into consideration the specific situation in certain Member States.

(28) No later than five years after entry into force of this Regulation the Commission will present a report on its application and, if need be, submit proposals for adaptations.

(29) The Commission will have to adjust Annexes I to IV on the rules of national jurisdiction, the courts or competent authorities and redress procedures on the basis of the amendments forwarded by the Member State concerned; amendments made to Annexes V and VI should be adopted in accordance with Council Decision 1999/468/EC of 28 June 1999 laying down the procedures for the exercise of implementing powers conferred on the Commission(6),

HAS ADOPTED THIS REGULATION:

CHAPTER I

SCOPE

Article 1

1. This Regulation shall apply in civil and commercial matters whatever the nature of the court or tribunal. It shall not extend, in particular, to revenue, customs or administrative matters.

2. The Regulation shall not apply to:

(a) the status or legal capacity of natural persons, rights in property arising out of a matrimonial relationship, wills and succession;

(b) bankruptcy, proceedings relating to the winding-up of insolvent companies or other legal persons, judicial arrangements, compositions and analogous proceedings;

(c) social security;

(d) arbitration.

3. In this Regulation, the term "Member State" shall mean Member States with the exception of Denmark.

CHAPTER II

JURISDICTION

Section 1

General provisions

Article 2

1. Subject to this Regulation, persons domiciled in a Member State shall, whatever their nationality, be sued in the courts of that Member State.

2. Persons who are not nationals of the Member State in which they are domiciled shall be governed by the rules of jurisdiction applicable to nationals of that State.

Article 3

1. Persons domiciled in a Member State may be sued in the courts of another Member State only by virtue of the rules set out in Sections 2 to 7 of this Chapter.

2. In particular the rules of national jurisdiction set out in Annex I shall not be applicable as against them.

Article 4

1. If the defendant is not domiciled in a Member State, the jurisdiction of the courts of each Member State shall, subject to Articles 22 and 23, be determined by the law of that Member State.

2. As against such a defendant, any person domiciled in a Member State may, whatever his nationality, avail himself in that State of the rules of jurisdiction there in force, and in particular those specified in Annex I, in the same way as the nationals of that State.

Section 2

Special jurisdiction

Article 5

A person domiciled in a Member State may, in another Member State, be sued:

1. (a) in matters relating to a contract, in the courts for the place of performance of the obligation in question;

(b) for the purpose of this provision and unless otherwise agreed, the place of performance of the obligation in question shall be:

- in the case of the sale of goods, the place in a Member State where, under the contract, the goods were delivered or should have been delivered,

- in the case of the provision of services, the place in a Member State where, under the contract, the services were provided or should have been provided,

(c) if subparagraph (b) does not apply then subparagraph (a) applies;

2. in matters relating to maintenance, in the courts for the place where the maintenance creditor is domiciled or habitually resident or, if the matter is ancillary to proceedings concerning the status of a person, in the court which, according to its own law, has jurisdiction to entertain those proceedings, unless that jurisdiction is based solely on the nationality of one of the parties;

3. in matters relating to tort, delict or quasi-delict, in the courts for the place where the harmful event occurred or may occur;

4. as regards a civil claim for damages or restitution which is based on an act giving rise to criminal proceedings, in the court seised of those proceedings, to the extent that that court has jurisdiction under its own law to entertain civil proceedings;

5. as regards a dispute arising out of the operations of a branch, agency or other establishment, in the courts for the place in which the branch, agency or other establishment is situated;

6. as settlor, trustee or beneficiary of a trust created by the operation of a statute, or by a written instrument, or created orally and evidenced in writing, in the courts of the Member State in which the trust is domiciled;

7. as regards a dispute concerning the payment of remuneration claimed in respect of the salvage of a cargo or freight, in the court under the authority of which the cargo or freight in question:

(a) has been arrested to secure such payment, or

(b) could have been so arrested, but bail or other security has been given;

provided that this provision shall apply only if it is claimed that the defendant has an interest in the cargo or freight or had such an interest at the time of salvage.

Article 6

A person domiciled in a Member State may also be sued:

1. where he is one of a number of defendants, in the courts for the place where any one of them is domiciled, provided the claims are so closely connected that it is expedient to hear and determine them together to avoid the risk of irreconcilable judgments resulting from separate proceedings;

2. as a third party in an action on a warranty or guarantee or in any other third party proceedings, in the court seised of the original proceedings, unless these were instituted solely with the object of removing him from the jurisdiction of the court which would be competent in his case;

3. on a counter-claim arising from the same contract or facts on which the original claim was based, in the court in which the original claim is pending;

4. in matters relating to a contract, if the action may be combined with an action against the same defendant in matters relating to rights in rem in immovable property, in the court of the Member State in which the property is situated.

Article 7

Where by virtue of this Regulation a court of a Member State has jurisdiction in actions relating to liability from the use or operation of a ship, that court, or any other court substituted for this purpose by the internal law of that Member State, shall also have jurisdiction over claims for limitation of such liability.

Section 3

Jurisdiction in matters relating to insurance

Article 8

In matters relating to insurance, jurisdiction shall be determined by this Section, without prejudice to Article 4 and point 5 of Article 5.

Article 9

1. An insurer domiciled in a Member State may be sued:

(a) in the courts of the Member State where he is domiciled, or

(b) in another Member State, in the case of actions brought by the policyholder, the insured or a beneficiary, in the courts for the place where the plaintiff is domiciled,

(c) if he is a co-insurer, in the courts of a Member State in which proceedings are brought against the leading insurer.

2. An insurer who is not domiciled in a Member State but has a branch, agency or other establishment in one of the Member States shall, in disputes arising out of the operations of the branch, agency or establishment, be deemed to be domiciled in that Member State.

Article 10

In respect of liability insurance or insurance of immovable property, the insurer may in addition be sued in the courts for the place where the harmful event occurred. The same applies if movable and immovable property are covered by the same insurance policy and both are adversely affected by the same contingency.

Article 11

1. In respect of liability insurance, the insurer may also, if the law of the court permits it, be joined in proceedings which the injured party has brought against the insured.

2. Articles 8, 9 and 10 shall apply to actions brought by the injured party directly against the insurer, where such direct actions are permitted.

3. If the law governing such direct actions provides that the policyholder or the insured may be joined as a party to the action, the same court shall have jurisdiction over them.

Article 12

1. Without prejudice to Article 11(3), an insurer may bring proceedings only in the courts of the Member State in which the defendant is domiciled, irrespective of whether he is the policyholder, the insured or a beneficiary.

2. The provisions of this Section shall not affect the right to bring a counter-claim in the court in which, in accordance with this Section, the original claim is pending.

Article 13

The provisions of this Section may be departed from only by an agreement:

1. which is entered into after the dispute has arisen, or

2. which allows the policyholder, the insured or a beneficiary to bring proceedings in courts other than those indicated in this Section, or

3. which is concluded between a policyholder and an insurer, both of whom are at the time of

conclusion of the contract domiciled or habitually resident in the same Member State, and which has the effect of conferring jurisdiction on the courts of that State even if the harmful event were to occur abroad, provided that such an agreement is not contrary to the law of that State, or

4. which is concluded with a policyholder who is not domiciled in a Member State, except in so far as the insurance is compulsory or relates to immovable property in a Member State, or

5. which relates to a contract of insurance in so far as it covers one or more of the risks set out in Article 14.

Article 14

The following are the risks referred to in Article 13(5):

1. any loss of or damage to:

(a) seagoing ships, installations situated offshore or on the high seas, or aircraft, arising from perils which relate to their use for commercial purposes;

(b) goods in transit other than passengers' baggage where the transit consists of or includes carriage by such ships or aircraft;

2. any liability, other than for bodily injury to passengers or loss of or damage to their baggage:

(a) arising out of the use or operation of ships, installations or aircraft as referred to in point 1 (a) in so far as, in respect of the latter, the law of the Member State in which such aircraft are registered does not prohibit agreements on jurisdiction regarding insurance of such risks;

(b) for loss or damage caused by goods in transit as described in point 1(b);

3. any financial loss connected with the use or operation of ships, installations or aircraft as referred to in point 1(a), in particular loss of freight or charter-hire;

4. any risk or interest connected with any of those referred to in points 1 to 3;

5. notwithstanding points 1 to 4, all "large risks" as defined in Council Directive 73/239/EEC (7), as amended by Council Directives 88/357/EEC(8) and 90/618/EEC(9), as they may be amended.

Section 4

Jurisdiction over consumer contracts

Article 15

1. In matters relating to a contract concluded by a person, the consumer, for a purpose which can be regarded as being outside his trade or profession, jurisdiction shall be determined by this Section, without prejudice to Article 4 and point 5 of Article 5, if:

(a) it is a contract for the sale of goods on instalment credit terms; or

(b) it is a contract for a loan repayable by instalments, or for any other form of credit, made to finance the sale of goods; or

(c) in all other cases, the contract has been concluded with a person who pursues commercial or professional activities in the Member State of the consumer's domicile or, by any means, directs such activities to that Member State or to several States including that Member State, and the contract falls within the scope of such activities.

2. Where a consumer enters into a contract with a party who is not domiciled in the Member State but has a branch, agency or other establishment in one of the Member States, that party shall, in disputes arising out of the operations of the branch, agency or establishment, be deemed to be domiciled in that State.

3. This Section shall not apply to a contract of transport other than a contract which, for an inclusive price, provides for a combination of travel and accommodation.

Article 16

1. A consumer may bring proceedings against the other party to a contract either in the courts of the Member State in which that party is domiciled or in the courts for the place where the consumer is domiciled.

2. Proceedings may be brought against a consumer by the other party to the contract only in the courts of the Member State in which the consumer is domiciled.

3. This Article shall not affect the right to bring a counter-claim in the court in which, in accordance with this Section, the original claim is pending.

## Article 17

The provisions of this Section may be departed from only by an agreement:

1. which is entered into after the dispute has arisen; or

2. which allows the consumer to bring proceedings in courts other than those indicated in this Section; or

3. which is entered into by the consumer and the other party to the contract, both of whom are at the time of conclusion of the contract domiciled or habitually resident in the same Member State, and which confers jurisdiction on the courts of that Member State, provided that such an agreement is not contrary to the law of that Member State.

## Section 5

Jurisdiction over individual contracts of employment

## Article 18

1. In matters relating to individual contracts of employment, jurisdiction shall be determined by this Section, without prejudice to Article 4 and point 5 of Article 5.

2. Where an employee enters into an individual contract of employment with an employer who is not domiciled in a Member State but has a branch, agency or other establishment in one of the Member States, the employer shall, in disputes arising out of the operations of the branch, agency or establishment, be deemed to be domiciled in that Member State.

## Article 19

An employer domiciled in a Member State may be sued:

1. in the courts of the Member State where he is domiciled; or

2. in another Member State:

(a) in the courts for the place where the employee habitually carries out his work or in the courts for the last place where he did so, or

(b) if the employee does not or did not habitually carry out his work in any one country, in the courts for the place where the business which engaged the employee is or was situated.

## Article 20

1. An employer may bring proceedings only in the courts of the Member State in which the employee is domiciled.

2. The provisions of this Section shall not affect the right to bring a counter-claim in the court in which, in accordance with this Section, the original claim is pending.

## Article 21

The provisions of this Section may be departed from only by an agreement on jurisdiction:

1. which is entered into after the dispute has arisen; or

2. which allows the employee to bring proceedings in courts other than those indicated in this Section.

## Section 6

Exclusive jurisdiction

## Article 22

The following courts shall have exclusive jurisdiction, regardless of domicile:

1. in proceedings which have as their object rights in rem in immovable property or tenancies of immovable property, the courts of the Member State in which the property is situated.

However, in proceedings which have as their object tenancies of immovable property concluded for temporary private use for a maximum period of six consecutive months, the courts of the Member State in which the defendant is domiciled shall also have jurisdiction, provided that the tenant is a natural person and that the landlord and the tenant are domiciled in the same Member State;

2. in proceedings which have as their object the validity of the constitution, the nullity or the dissolution of companies or other legal persons or associations of natural or legal persons, or of the validity of the decisions of their organs, the courts of the Member State in which the company, legal person or association has its seat. In order to determine that seat, the court shall apply its rules of private international law;

3. in proceedings which have as their object the validity of entries in public registers, the courts of the Member State in which the register is kept;

4. in proceedings concerned with the registration or validity of patents, trade marks, designs, or other similar rights required to be deposited or registered, the courts of the Member State in which the deposit or registration has been applied for, has taken place or is under the terms of a Community instrument or an international convention deemed to have taken place.

Without prejudice to the jurisdiction of the European Patent Office under the Convention on the Grant of European Patents, signed at Munich on 5 October 1973, the courts of each Member State shall have exclusive jurisdiction, regardless of domicile, in proceedings concerned with the registration or validity of any European patent granted for that State;

5. in proceedings concerned with the enforcement of judgments, the courts of the Member State in which the judgment has been or is to be enforced.

Section 7

Prorogation of jurisdiction

Article 23

1. If the parties, one or more of whom is domiciled in a Member State, have agreed that a court or the courts of a Member State are to have jurisdiction to settle any disputes which have arisen or which may arise in connection with a particular legal relationship, that court or those courts shall have jurisdiction. Such jurisdiction shall be exclusive unless the parties have agreed otherwise. Such an agreement conferring jurisdiction shall be either:

(a) in writing or evidenced in writing; or

(b) in a form which accords with practices which the parties have established between themselves; or

(c) in international trade or commerce, in a form which accords with a usage of which the parties are or ought to have been aware and which in such trade or commerce is widely known to, and regularly observed by, parties to contracts of the type involved in the particular trade or commerce concerned.

2. Any communication by electronic means which provides a durable record of the agreement shall be equivalent to "writing".

3. Where such an agreement is concluded by parties, none of whom is domiciled in a Member State, the courts of other Member States shall have no jurisdiction over their disputes unless the court or courts chosen have declined jurisdiction.

4. The court or courts of a Member State on which a trust instrument has conferred jurisdiction shall have exclusive jurisdiction in any proceedings brought against a settlor, trustee or beneficiary, if relations between these persons or their rights or obligations under the trust are involved.

5. Agreements or provisions of a trust instrument conferring jurisdiction shall have no legal force if they are contrary to Articles 13, 17 or 21, or if the courts whose jurisdiction they purport to exclude have exclusive jurisdiction by virtue of Article 22.

Article 24

Apart from jurisdiction derived from other provisions of this Regulation, a court of a Member State before which a defendant enters an appearance shall have jurisdiction. This rule shall not apply where appearance was entered to contest the jurisdiction, or where another court has exclusive jurisdiction by virtue of Article 22.

Section 8

Examination as to jurisdiction and admissibility

Article 25

Where a court of a Member State is seised of a claim which is principally concerned with a matter over which the courts of another Member State have exclusive jurisdiction by virtue of Article 22, it shall declare of its own motion that it has no jurisdiction.

Article 26

1. Where a defendant domiciled in one Member State is sued in a court of another Member State and does not enter an appearance, the court shall declare of its own motion that it has no jurisdiction unless its jurisdiction is derived from the provisions of this Regulation.

2. The court shall stay the proceedings so long as it is not shown that the defendant has been able to receive the document instituting the proceedings or an equivalent document in sufficient time to enable him to arrange for his defence, or that all necessary steps have been taken to this end.

3. Article 19 of Council Regulation (EC) No 1348/2000 of 29 May 2000 on the service in the Member States of judicial and extrajudicial documents in civil or commercial matters(10) shall apply instead of the provisions of paragraph 2 if the document instituting the proceedings or an equivalent document had to be transmitted from one Member State to another pursuant to this Regulation.

4. Where the provisions of Regulation (EC) No 1348/2000 are not applicable, Article 15 of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters shall apply if the document instituting the proceedings or an equivalent document had to be transmitted pursuant to that Convention.

Section 9

Lis pendens - related actions

Article 27

1. Where proceedings involving the same cause of action and between the same parties are brought in the courts of different Member States, any court other than the court first seised shall of its own motion stay its proceedings until such time as the jurisdiction of the court first seised is established.

2. Where the jurisdiction of the court first seised is established, any court other than the court first seised shall decline jurisdiction in favour of that court.

Article 28

1. Where related actions are pending in the courts of different Member States, any court other than the court first seised may stay its proceedings.

2. Where these actions are pending at first instance, any court other than the court first seised may also, on the application of one of the parties, decline jurisdiction if the court first seised has jurisdiction over the actions in question and its law permits the consolidation thereof.

3. For the purposes of this Article, actions are deemed to be related where they are so closely connected that it is expedient to hear and determine them together to avoid the risk of irreconcilable judgments resulting from separate proceedings.

Article 29

Where actions come within the exclusive jurisdiction of several courts, any court other than the court first seised shall decline jurisdiction in favour of that court.

Article 30

For the purposes of this Section, a court shall be deemed to be seised:

1. at the time when the document instituting the proceedings or an equivalent document is lodged with the court, provided that the plaintiff has not subsequently failed to take the steps he was required to take to have service effected on the defendant, or

2. if the document has to be served before being lodged with the court, at the time when it is received by the authority responsible for service, provided that the plaintiff has not subsequently failed to take the steps he was required to take to have the document lodged with the court.

Section 10

Provisional, including protective, measures

Article 31

Application may be made to the courts of a Member State for such provisional, including protective, measures as may be available under the law of that State, even if, under this Regulation, the courts of another Member State have jurisdiction as to the substance of the matter.

CHAPTER III

RECOGNITION AND ENFORCEMENT

Article 32

For the purposes of this Regulation, "judgment" means any judgment given by a court or tribunal of a Member State, whatever the judgment may be called, including a decree, order, decision or writ of execution, as well as the determination of costs or expenses by an officer of the court.

Section 1

Recognition

Article 33

1. A judgment given in a Member State shall be recognised in the other Member States without any special procedure being required.

2. Any interested party who raises the recognition of a judgment as the principal issue in a dispute may, in accordance with the procedures provided for in Sections 2 and 3 of this Chapter, apply for a decision that the judgment be recognised.

3. If the outcome of proceedings in a court of a Member State depends on the determination of an incidental question of recognition that court shall have jurisdiction over that question.

Article 34

A judgment shall not be recognised:

1. if such recognition is manifestly contrary to public policy in the Member State in which recognition is sought;

2. where it was given in default of appearance, if the defendant was not served with the document which instituted the proceedings or with an equivalent document in sufficient time and in such a way as to enable him to arrange for his defence, unless the defendant failed to commence proceedings to challenge the judgment when it was possible for him to do so;

3. if it is irreconcilable with a judgment given in a dispute between the same parties in the Member State in which recognition is sought;

4. if it is irreconcilable with an earlier judgment given in another Member State or in a third State involving the same cause of action and between the same parties, provided that the earlier judgment fulfils the conditions necessary for its recognition in the Member State addressed.

Article 35

1. Moreover, a judgment shall not be recognised if it conflicts with Sections 3, 4 or 6 of Chapter II, or in a case provided for in Article 72.

2. In its examination of the grounds of jurisdiction referred to in the foregoing paragraph, the court or authority applied to shall be bound by the findings of fact on which the court of the Member State of origin based its jurisdiction.

3. Subject to the paragraph 1, the jurisdiction of the court of the Member State of origin may not be reviewed. The test of public policy referred to in point 1 of Article 34 may not be applied to the rules relating to jurisdiction.

Article 36

Under no circumstances may a foreign judgment be reviewed as to its substance.

Article 37

1. A court of a Member State in which recognition is sought of a judgment given in another Member State may stay the proceedings if an ordinary appeal against the judgment has been lodged.

2. A court of a Member State in which recognition is sought of a judgment given in Ireland or the United Kingdom may stay the proceedings if enforcement is suspended in the State of origin, by reason of an appeal.

Section 2

Enforcement

Article 38

1. A judgment given in a Member State and enforceable in that State shall be enforced in another Member State when, on the application of any interested party, it has been declared enforceable there.

2. However, in the United Kingdom, such a judgment shall be enforced in England and Wales, in Scotland, or in Northern Ireland when, on the application of any interested party, it has

been registered for enforcement in that part of the United Kingdom.

Article 39

1. The application shall be submitted to the court or competent authority indicated in the list in Annex II.

2. The local jurisdiction shall be determined by reference to the place of domicile of the party against whom enforcement is sought, or to the place of enforcement.

Article 40

1. The procedure for making the application shall be governed by the law of the Member State in which enforcement is sought.

2. The applicant must give an address for service of process within the area of jurisdiction of the court applied to. However, if the law of the Member State in which enforcement is sought does not provide for the furnishing of such an address, the applicant shall appoint a representative ad litem.

3. The documents referred to in Article 53 shall be attached to the application.

Article 41

The judgment shall be declared enforceable immediately on completion of the formalities in Article 53 without any review under Articles 34 and 35. The party against whom enforcement is sought shall not at this stage of the proceedings be entitled to make any submissions on the application.

Article 42

1. The decision on the application for a declaration of enforceability shall forthwith be brought to the notice of the applicant in accordance with the procedure laid down by the law of the Member State in which enforcement is sought.

2. The declaration of enforceability shall be served on the party against whom enforcement is sought, accompanied by the judgment, if not already served on that party.

Article 43

1. The decision on the application for a declaration of enforceability may be appealed against by either party.

2. The appeal is to be lodged with the court indicated in the list in Annex III.

3. The appeal shall be dealt with in accordance with the rules governing procedure in contradictory matters.

4. If the party against whom enforcement is sought fails to appear before the appellate court in proceedings concerning an appeal brought by the applicant, Article 26(2) to (4) shall apply even where the party against whom enforcement is sought is not domiciled in any of the Member States.

5. An appeal against the declaration of enforceability is to be lodged within one month of service thereof. If the party against whom enforcement is sought is domiciled in a Member State other than that in which the declaration of enforceability was given, the time for appealing shall be two months and shall run from the date of service, either on him in person or at his residence. No extension of time may be granted on account of distance.

Article 44

The judgment given on the appeal may be contested only by the appeal referred to in Annex IV.

Article 45

1. The court with which an appeal is lodged under Article 43 or Article 44 shall refuse or revoke a declaration of enforceability only on one of the grounds specified in Articles 34 and 35. It shall give its decision without delay.

2. Under no circumstances may the foreign judgment be reviewed as to its substance.

Article 46

1. The court with which an appeal is lodged under Article 43 or Article 44 may, on the application of the party against whom enforcement is sought, stay the proceedings if an ordinary appeal has been lodged against the judgment in the Member State of origin or if the time for such an appeal has not yet expired; in the latter case, the court may specify the time within which such an appeal is to be lodged.

2. Where the judgment was given in Ireland or the United Kingdom, any form of appeal available in the Member State of origin shall be treated as an ordinary appeal for the purposes of paragraph 1.

3. The court may also make enforcement conditional on the provision of such security as it shall determine.

Article 47

1. When a judgment must be recognised in accordance with this Regulation, nothing shall prevent the applicant from availing himself of provisional, including protective, measures in accordance with the law of the Member State requested without a declaration of enforceability under Article 41 being required.

2. The declaration of enforceability shall carry with it the power to proceed to any protective measures.

3. During the time specified for an appeal pursuant to Article 43(5) against the declaration of enforceability and until any such appeal has been determined, no measures of enforcement may be taken other than protective measures against the property of the party against whom enforcement is sought.

Article 48

1. Where a foreign judgment has been given in respect of several matters and the declaration of enforceability cannot be given for all of them, the court or competent authority shall give it for one or more of them.

2. An applicant may request a declaration of enforceability limited to parts of a judgment.

Article 49

A foreign judgment which orders a periodic payment by way of a penalty shall be enforceable in the Member State in which enforcement is sought only if the amount of the payment has been finally determined by the courts of the Member State of origin.

Article 50

An applicant who, in the Member State of origin has benefited from complete or partial legal aid or exemption from costs or expenses, shall be entitled, in the procedure provided for in this Section, to benefit from the most favourable legal aid or the most extensive exemption from costs or expenses provided for by the law of the Member State addressed.

Article 51

No security, bond or deposit, however described, shall be required of a party who in one Member State applies for enforcement of a judgment given in another Member State on the ground that he is a foreign national or that he is not domiciled or resident in the State in which enforcement is sought.

Article 52

In proceedings for the issue of a declaration of enforceability, no charge, duty or fee calculated by reference to the value of the matter at issue may be levied in the Member State in which enforcement is sought.

Section 3

Common provisions

Article 53

1. A party seeking recognition or applying for a declaration of enforceability shall produce a copy of the judgment which satisfies the conditions necessary to establish its authenticity.

2. A party applying for a declaration of enforceability shall also produce the certificate referred to in Article 54, without prejudice to Article 55.

Article 54

The court or competent authority of a Member State where a judgment was given shall issue, at the request of any interested party, a certificate using the standard form in Annex V to this Regulation.

Article 55

1. If the certificate referred to in Article 54 is not produced, the court or competent authority may specify a time for its production or accept an equivalent document or, if it considers that it has sufficient information before it, dispense with its production.

2. If the court or competent authority so requires, a translation of the documents shall be produced. The translation shall be certified by a person qualified to do so in one of the Member States.

Article 56

No legalisation or other similar formality shall be required in respect of the documents referred to in Article 53 or Article 55(2), or in respect of a document appointing a representative ad litem.

CHAPTER IV

AUTHENTIC INSTRUMENTS AND COURT SETTLEMENTS

Article 57

1. A document which has been formally drawn up or registered as an authentic instrument and is enforceable in one Member State shall, in another Member State, be declared enforceable there, on application made in accordance with the procedures provided for in Articles 38, et seq. The court with which an appeal is lodged under Article 43 or Article 44 shall refuse or revoke a declaration of enforceability only if enforcement of the instrument is manifestly contrary to public policy in the Member State addressed.

2. Arrangements relating to maintenance obligations concluded with administrative authorities or authenticated by them shall also be regarded as authentic instruments within the meaning of paragraph 1.

3. The instrument produced must satisfy the conditions necessary to establish its authenticity in the Member State of origin.

4. Section 3 of Chapter III shall apply as appropriate. The competent authority of a Member State where an authentic instrument was drawn up or registered shall issue, at the request of any interested party, a certificate using the standard form in Annex VI to this Regulation.

Article 58

A settlement which has been approved by a court in the course of proceedings and is enforceable in the Member State in which it was concluded shall be enforceable in the State addressed under the same conditions as authentic instruments. The court or competent authority of a Member State where a court settlement was approved shall issue, at the request of any interested party, a certificate using the standard form in Annex V to this Regulation.

CHAPTER V

GENERAL PROVISIONS

Article 59

1. In order to determine whether a party is domiciled in the Member State whose courts are seised of a matter, the court shall apply its internal law.

2. If a party is not domiciled in the Member State whose courts are seised of the matter, then, in order to determine whether the party is domiciled in another Member State, the court shall apply the law of that Member State.

Article 60

1. For the purposes of this Regulation, a company or other legal person or association of natural or legal persons is domiciled at the place where it has its:

(a) statutory seat, or

(b) central administration, or

(c) principal place of business.

2. For the purposes of the United Kingdom and Ireland "statutory seat" means the registered office or, where there is no such office anywhere, the place of incorporation or, where there is no such place anywhere, the place under the law of which the formation took place.

3. In order to determine whether a trust is domiciled in the Member State whose courts are seised of the matter, the court shall apply its rules of private international law.

Article 61

Without prejudice to any more favourable provisions of national laws, persons domiciled in a Member State who are being prosecuted in the criminal courts of another Member State of which they are not nationals for an offence which was not intentionally committed may be

defended by persons qualified to do so, even if they do not appear in person. However, the court seised of the matter may order appearance in person; in the case of failure to appear, a judgment given in the civil action without the person concerned having had the opportunity to arrange for his defence need not be recognised or enforced in the other Member States.

Article 62

In Sweden, in summary proceedings concerning orders to pay (betalningsföreläggande) and assistance (handräckning), the expression "court" includes the "Swedish enforcement service" (kronofogdemyndighet).

Article 63

1. A person domiciled in the territory of the Grand Duchy of Luxembourg and sued in the court of another Member State pursuant to Article 5(1) may refuse to submit to the jurisdiction of that court if the final place of delivery of the goods or provision of the services is in Luxembourg.

2. Where, under paragraph 1, the final place of delivery of the goods or provision of the services is in Luxembourg, any agreement conferring jurisdiction must, in order to be valid, be accepted in writing or evidenced in writing within the meaning of Article 23(1)(a).

3. The provisions of this Article shall not apply to contracts for the provision of financial services.

4. The provisions of this Article shall apply for a period of six years from entry into force of this Regulation.

Article 64

1. In proceedings involving a dispute between the master and a member of the crew of a seagoing ship registered in Greece or in Portugal, concerning remuneration or other conditions of service, a court in a Member State shall establish whether the diplomatic or consular officer responsible for the ship has been notified of the dispute. It may act as soon as that officer has been notified.

2. The provisions of this Article shall apply for a period of six years from entry into force of this Regulation.

Article 65

1. The jurisdiction specified in Article 6(2), and Article 11 in actions on a warranty of guarantee or in any other third party proceedings may not be resorted to in Germany and Austria. Any person domiciled in another Member State may be sued in the courts:

(a) of Germany, pursuant to Articles 68 and 72 to 74 of the Code of Civil Procedure (Zivilprozessordnung) concerning third-party notices,

(b) of Austria, pursuant to Article 21 of the Code of Civil Procedure (Zivilprozessordnung) concerning third-party notices.

2. Judgments given in other Member States by virtue of Article 6(2), or Article 11 shall be recognised and enforced in Germany and Austria in accordance with Chapter III. Any effects which judgments given in these States may have on third parties by application of the provisions in paragraph 1 shall also be recognised in the other Member States.

CHAPTER VI

TRANSITIONAL PROVISIONS

Article 66

1. This Regulation shall apply only to legal proceedings instituted and to documents formally drawn up or registered as authentic instruments after the entry into force thereof.

2. However, if the proceedings in the Member State of origin were instituted before the entry into force of this Regulation, judgments given after that date shall be recognised and enforced in accordance with Chapter III,

(a) if the proceedings in the Member State of origin were instituted after the entry into force of the Brussels or the Lugano Convention both in the Member State or origin and in the Member State addressed;

(b) in all other cases, if jurisdiction was founded upon rules which accorded with those provided for either in Chapter II or in a convention concluded between the Member State of origin and the Member State addressed which was in force when the proceedings were instituted.

CHAPTER VII

RELATIONS WITH OTHER INSTRUMENTS

Article 67

This Regulation shall not prejudice the application of provisions governing jurisdiction and the recognition and enforcement of judgments in specific matters which are contained in Community instruments or in national legislation harmonised pursuant to such instruments.

Article 68

1. This Regulation shall, as between the Member States, supersede the Brussels Convention, except as regards the territories of the Member States which fall within the territorial scope of that Convention and which are excluded from this Regulation pursuant to Article 299 of the Treaty.

2. In so far as this Regulation replaces the provisions of the Brussels Convention between Member States, any reference to the Convention shall be understood as a reference to this Regulation.

Article 69

Subject to Article 66(2) and Article 70, this Regulation shall, as between Member States, supersede the following conventions and treaty concluded between two or more of them:

- the Convention between Belgium and France on Jurisdiction and the Validity and Enforcement of Judgments, Arbitration Awards and Authentic Instruments, signed at Paris on 8 July 1899,

- the Convention between Belgium and the Netherlands on Jurisdiction, Bankruptcy, and the Validity and Enforcement of Judgments, Arbitration Awards and Authentic Instruments, signed at Brussels on 28 March 1925,

- the Convention between France and Italy on the Enforcement of Judgments in Civil and Commercial Matters, signed at Rome on 3 June 1930,

- the Convention between Germany and Italy on the Recognition and Enforcement of Judgments in Civil and Commercial Matters, signed at Rome on 9 March 1936,

- the Convention between Belgium and Austria on the Reciprocal Recognition and Enforcement of Judgments and Authentic Instruments relating to Maintenance Obligations, signed at Vienna on 25 October 1957,

- the Convention between Germany and Belgium on the Mutual Recognition and Enforcement of Judgments, Arbitration Awards and Authentic Instruments in Civil and Commercial Matters, signed at Bonn on 30 June 1958,

- the Convention between the Netherlands and Italy on the Recognition and Enforcement of Judgments in Civil and Commercial Matters, signed at Rome on 17 April 1959,

- the Convention between Germany and Austria on the Reciprocal Recognition and Enforcement of Judgments, Settlements and Authentic Instruments in Civil and Commercial Matters, signed at Vienna on 6 June 1959,

- the Convention between Belgium and Austria on the Reciprocal Recognition and Enforcement of Judgments, Arbitral Awards and Authentic Instruments in Civil and Commercial Matters, signed at Vienna on 16 June 1959,

- the Convention between Greece and Germany for the Reciprocal Recognition and Enforcement of Judgments, Settlements and Authentic Instruments in Civil and Commercial Matters, signed in Athens on 4 November 1961,

- the Convention between Belgium and Italy on the Recognition and Enforcement of Judgments and other Enforceable Instruments in Civil and Commercial Matters, signed at Rome on 6 April 1962,

- the Convention between the Netherlands and Germany on the Mutual Recognition and Enforcement of Judgments and Other Enforceable Instruments in Civil and Commercial Matters, signed at The Hague on 30 August 1962,

- the Convention between the Netherlands and Austria on the Reciprocal Recognition and Enforcement of Judgments and Authentic Instruments in Civil and Commercial Matters, signed at The Hague on 6 February 1963,

- the Convention between France and Austria on the Recognition and Enforcement of Judgments and Authentic Instruments in Civil and Commercial Matters, signed at Vienna on

15 July 1966,

- the Convention between Spain and France on the Recognition and Enforcement of Judgment Arbitration Awards in Civil and Commercial Matters, signed at Paris on 28 May 1969,

- the Convention between Luxembourg and Austria on the Recognition and Enforcement of Judgments and Authentic Instruments in Civil and Commercial Matters, signed at Luxembourg on 29 July 1971,

- the Convention between Italy and Austria on the Recognition and Enforcement of Judgments in Civil and Commercial Matters, of Judicial Settlements and of Authentic Instruments, signed at Rome on 16 November 1971,

- the Convention between Spain and Italy regarding Legal Aid and the Recognition and Enforcement of Judgments in Civil and Commercial Matters, signed at Madrid on 22 May 1973,

- the Convention between Finland, Iceland, Norway, Sweden and Denmark on the Recognition and Enforcement of Judgments in Civil Matters, signed at Copenhagen on 11 October 1977,

- the Convention between Austria and Sweden on the Recognition and Enforcement of Judgments in Civil Matters, signed at Stockholm on 16 September 1982,

- the Convention between Spain and the Federal Republic of Germany on the Recognition and Enforcement of Judgments, Settlements and Enforceable Authentic Instruments in Civil and Commercial Matters, signed at Bonn on 14 November 1983,

- the Convention between Austria and Spain on the Recognition and Enforcement of Judgments, Settlements and Enforceable Authentic Instruments in Civil and Commercial Matters, signed at Vienna on 17 February 1984,

- the Convention between Finland and Austria on the Recognition and Enforcement of Judgments in Civil Matters, signed at Vienna on 17 November 1986, and

- the Treaty between Belgium, the Netherlands and Luxembourg in Jurisdiction, Bankruptcy, and the Validity and Enforcement of Judgments, Arbitration Awards and Authentic Instruments, signed at Brussels on 24 November 1961, in so far as it is in force.

Article 70

1. The Treaty and the Conventions referred to in Article 69 shall continue to have effect in relation to matters to which this Regulation does not apply.

2. They shall continue to have effect in respect of judgments given and documents formally drawn up or registered as authentic instruments before the entry into force of this Regulation.

Article 71

1. This Regulation shall not affect any conventions to which the Member States are parties and which in relation to particular matters, govern jurisdiction or the recognition or enforcement of judgments.

2. With a view to its uniform interpretation, paragraph 1 shall be applied in the following manner:

(a) this Regulation shall not prevent a court of a Member State, which is a party to a convention on a particular matter, from assuming jurisdiction in accordance with that convention, even where the defendant is domiciled in another Member State which is not a party to that convention. The court hearing the action shall, in any event, apply Article 26 of this Regulation;

(b) judgments given in a Member State by a court in the exercise of jurisdiction provided for in a convention on a particular matter shall be recognised and enforced in the other Member States in accordance with this Regulation.

Where a convention on a particular matter to which both the Member State of origin and the Member State addressed are parties lays down conditions for the recognition or enforcement of judgments, those conditions shall apply. In any event, the provisions of this Regulation which concern the procedure for recognition and enforcement of judgments may be applied.

Article 72

This Regulation shall not affect agreements by which Member States undertook, prior to the entry into force of this Regulation pursuant to Article 59 of the Brussels Convention, not to recognise judgments given, in particular in other Contracting States to that Convention, against defendants domiciled or habitually resident in a third country where, in cases provided

for in Article 4 of that Convention, the judgment could only be founded on a ground of jurisdiction specified in the second paragraph of Article 3 of that Convention.

CHAPTER VIII

FINAL PROVISIONS

Article 73

No later than five years after the entry into force of this Regulation, the Commission shall present to the European Parliament, the Council and the Economic and Social Committee a report on the application of this Regulation. The report shall be accompanied, if need be, by proposals for adaptations to this Regulation.

Article 74

1. The Member States shall notify the Commission of the texts amending the lists set out in Annexes I to IV. The Commission shall adapt the Annexes concerned accordingly.

2. The updating or technical adjustment of the forms, specimens of which appear in Annexes V and VI, shall be adopted in accordance with the advisory procedure referred to in Article 75 (2).

Article 75

1. The Commission shall be assisted by a committee.

2. Where reference is made to this paragraph, Articles 3 and 7 of Decision 1999/468/EC shall apply.

3. The Committee shall adopt its rules of procedure.

Article 76

This Regulation shall enter into force on l March 2002.

This Regulation is binding in its entirety and directly applicable in the Member States in accordance with the Treaty establishing the European Community.

Done at Brussels, 22 December 2000.

For the Council

The President

C. Pierret

(1) OJ C 376, 28.12.1999, p. 1.

(2) Opinion delivered on 21 September 2000 (not yet published in the Official Journal).

(3) OJ C 117, 26.4.2000, p. 6.

(4) OJ L 299, 31.12.1972, p. 32.

OJ L 304, 30.10.1978, p. 1.

OJ L 388, 31.12.1982, p. 1.

OJ L 285, 3.10.1989, p. 1.

OJ C 15, 15.1.1997, p. 1.

For a consolidated text, see OJ C 27, 26.1.1998, p. 1.

(5) OJ L 204, 2.8.1975, p. 28.

OJ L 304, 30.10.1978, p. 1.

OJ L 388, 31.12.1982, p. 1.

OJ L 285, 3.10.1989, p. 1.

OJ C 15, 15.1.1997, p. 1.

For a consolidated text see OJ C 27, 26.1.1998, p. 28.

(6) OJ L 184, 17.7.1999, p. 23.

(7) OJ L 228, 16.8.1973, p. 3. Directive as last amended by Directive 2000/26/EC of the European Parliament and of the Council (OJ L 181, 20.7.2000, p. 65).

(8) OJ L 172, 4.7.1988, p. 1. Directive as last amended by Directive 2000/26/EC.

(9) OJ L 330, 29.11.1990, p. 44.

(10) OJ L 160, 30.6.2000, p. 37.

ANNEX I

Rules of jurisdiction referred to in Article 3(2) and Article 4(2)

The rules of jurisdiction referred to in Article 3(2) and Article 4(2) are the following:

- in Belgium: Article 15 of the Civil Code (Code civil/Burgerlijk Wetboek) and Article 638 of the Judicial Code (Code judiciaire/Gerechtelijk Wetboek);

- in Germany: Article 23 of the Code of Civil Procedure (Zivilprozessordnung),

- in Greece, Article 40 of the Code of Civil Procedure (Κώδικας Πολιτικής Δικονομίας);

- in France: Articles 14 and 15 of the Civil Code (Code civil),

- in Ireland: the rules which enable jurisdiction to be founded on the document instituting the proceedings having been served on the defendant during his temporary presence in Ireland,

- in Italy: Articles 3 and 4 of Act 218 of 31 May 1995,

- in Luxembourg: Articles 14 and 15 of the Civil Code (Code civil),

- in the Netherlands: Articles 126(3) and 127 of the Code of Civil Procedure (Wetboek van Burgerlijke Rechtsvordering),

- in Austria: Article 99 of the Court Jurisdiction Act (Jurisdiktionsnorm),

- in Portugal: Articles 65 and 65A of the Code of Civil Procedure (Código de Processo Civil) and Article 11 of the Code of Labour Procedure (Código de Processo de Trabalho),

- in Finland: the second, third and fourth sentences of the first paragraph of Section 1 of Chapter 10 of the Code of Judicial Procedure (oikeudenkäymiskaari/rättegångsbalken),

- in Sweden: the first sentence of the first paragraph of Section 3 of Chapter 10 of the Code of Judicial Procedure (rättegångsbalken),

- in the United Kingdom: rules which enable jurisdiction to be founded on:

(a) the document instituting the proceedings having been served on the defendant during his temporary presence in the United Kingdom; or

(b) the presence within the United Kingdom of property belonging to the defendant; or

(c) the seizure by the plaintiff of property situated in the United Kingdom.

ANNEX II

The courts or competent authorities to which the application referred to in Article 39 may be submitted are the following:

- in Belgium, the "tribunal de première instance" or "rechtbank van eerste aanleg" or "erstinstanzliches Gericht",

- in Germany, the presiding judge of a chamber of the "Landgericht",

- in Greece, the "Μονομελές Πρωτοδικείο",

- in Spain, the "Juzgado de Primera Instancia",

- in France, the presiding judge of the "tribunal de grande instance",

- in Ireland, the High Court,

- in Italy, the "Corte d'appello",

- in Luxembourg, the presiding judge of the "tribunal d'arrondissement",

- in the Netherlands, the presiding judge of the "arrondissementsrechtbank";

- in Austria, the "Bezirksgericht",

- in Portugal, the "Tribunal de Comarca",

- in Finland, the "käräjäoikeus/tingsrätt",

- in Sweden, the "Svea hovrätt",

- in the United Kingdom:

(a) in England and Wales, the High Court of Justice, or in the case of a maintenance judgment, the Magistrate's Court on transmission by the Secretary of State;

(b) in Scotland, the Court of Session, or in the case of a maintenance judgment, the Sheriff Court on transmission by the Secretary of State;

(c) in Northern Ireland, the High Court of Justice, or in the case of a maintenance judgment, the Magistrate's Court on transmission by the Secretary of State;

(d) in Gibraltar, the Supreme Court of Gibraltar, or in the case of a maintenance judgment,

the Magistrates' Court on transmission by the Attorney General of Gibraltar.

ANNEX III

The courts with which appeals referred to in Article 43(2) may be lodged are the following:

- in Belgium,

(a) as regards appeal by the defendant: the "tribunal de première instance" or "rechtbank van eerste aanleg" or "erstinstanzliches Gericht",

(b) as regards appeal by the applicant: the "Cour d'appel" or "hof van beroep",

- in the Federal Republic of Germany, the "Oberlandesgericht",

- in Greece, the "Εφετείο",

- in Spain, the "Audiencia Provincial",

- in France, the "cour d'appel",

- in Ireland, the High Court,

- in Italy, the "corte d'appello",

- in Luxembourg, the "Cour supérieure de Justice" sitting as a court of civil appeal,

- in the Netherlands:

(a) for the defendant: the "arrondissementsrechtbank",

(b) for the applicant: the "gerechtshof",

- in Austria, the "Bezirksgericht",

- in Portugal, the "Tribunal de Relação",

- in Finland, the "hovioikeus/hovrätt",

- in Sweden, the "Svea hovrätt",

- in the United Kingdom:

(a) in England and Wales, the High Court of Justice, or in the case of a maintenance judgment, the Magistrate's Court;

(b) in Scotland, the Court of Session, or in the case of a maintenance judgment, the Sheriff Court;

(c) in Northern Ireland, the High Court of Justice, or in the case of a maintenance judgment, the Magistrate's Court;

(d) in Gibraltar, the Supreme Court of Gibraltar, or in the case of a maintenance judgment, the Magistrates' Court.

ANNEX IV

The appeals which may be lodged pursuant to Article 44 are the following

- in Belgium, Greece, Spain, France, Italy, Luxembourg and the Netherlands, an appeal in cassation,

- in Germany, a "Rechtsbeschwerde",

- in Ireland, an appeal on a point of law to the Supreme Court,

- in Austria, a "Revisionsrekurs",

- in Portugal, an appeal on a point of law,

- in Finland, an appeal to the "korkein oikeus/högsta domstolen",

- in Sweden, an appeal to the "Högsta domstolen",

- in the United Kingdom, a single further appeal on a point of law.

ANNEX V

Certificate referred to in Articles 54 and 58 of the Regulation on judgments and court settlements

(English, inglés, anglais, inglese, ...)

1. Member State of origin

2. Court or competent authority issuing the certificate

2.1. Name

2.2. Address

2.3. Tel./fax/e-mail

3. Court which delivered the judgment/approved the court settlement(1)

3.1. Type of court

3.2. Place of court

4. Judgment/court settlement(2)

4.1. Date

4.2. Reference number

4.3. The parties to the judgment/court settlement(3)

4.3.1. Name(s) of plaintiff(s)

4.3.2. Name(s) of defendant(s)

4.3.3. Name(s) of other party(ies), if any

4.4. Date of service of the document instituting the proceedings where judgment was given in default of appearance

4.5. Text of the judgment/court settlement(4) as annexed to this certificate

5. Names of parties to whom legal aid has been granted

The judgment/court settlement(5) is enforceable in the Member State of origin (Articles 38 and 58 of the Regulation) against:

Name:

Done at ... , date ...

Signature and/or stamp ...

(1) Delete as appropriate.

(2) Delete as appropriate.

(3) Delete as appropriate.

(4) Delete as appropriate.

(5) Delete as appropriate.

ANNEX VI

Certificate referred to in Article 57(4) of the Regulation on authentic instruments

(English, inglés, anglais, inglese ............)

1. Member State of origin

2. Competent authority issuing the certificate

2.1. Name

2.2. Address

2.3. Tel./fax/e-mail

3. Authority which has given authenticity to the instrument

3.1. Authority involved in the drawing up of the authentic instrument (if applicable)

3.1.1. Name and designation of authority

3.1.2. Place of authority

3.2. Authority which has registered the authentic instrument (if applicable)

3.2.1. Type of authority

3.2.2. Place of authority

4. Authentic instrument

4.1. Description of the instrument

4.2. Date

4.2.1. on which the instrument was drawn up

4.2.2. if different: on which the instrument was registered

4.3. Reference number

4.4. Parties to the instrument

4.4.1. Name of the creditor

4.4.2. Name of the debtor

5. Text of the enforceable obligation as annexed to this certificate

The authentic instrument is enforceable against the debtor in the Member State of origin (Article 57(1) of the Regulation)

Done at ..., date ...

Signature and/or stamp ...

**Managed by the Publications Office**