# EXHIBIT E

**Belgian Code on International Private Law**

### SECTION 2. Subject

### Article 2. Subject.

The present statute regulates in an international situation the jurisdiction of Belgian courts, the designation of the applicable law and the conditions for the effect in Belgium of foreign judgments and authentic instruments in civil and commercial matters without prejudice to the application of international treaties, the laws of the European Union or provisions of special statutes.

### SECTION 4. Jurisdiction

### Article 5. International jurisdiction based on the domicile or habitual residence of the defendant.

§ 1 Except when otherwise provided for by the present statute, the Belgian courts have jurisdiction if the defendant has his domicile or habitual residence in Belgium when the action is introduced.

In the event of multiple defendants, the Belgian courts will have jurisdiction if one of them has his domicile or habitual residence in Belgium, unless the action has been introduced solely to remove a defendant from the jurisdiction of his domicile or habitual residence abroad.

§ 2 The Belgian courts have also jurisdiction to hear actions relating to the exploitation of a secondary establishment of a body with separate legal entity, which has neither its domicile nor its habitual residence in Belgium, if the establishment is located in Belgium when the action is introduced.

### Article 6. Widening of international jurisdiction by agreement between the parties.

§ 1 When parties, in a matter in which, according to Belgian law, they can freely dispose of their rights, validly agreed to confer jurisdiction on the Belgian courts or a Belgian court to hear the disputes, which have arisen or may arise in connection with a legal relationship, the latter courts or court shall have exclusive jurisdiction.

Except when otherwise provided for in the present statute, a Belgian court before which a defendant enters an appearance is competent to hear the action brought against the latter, unless the appearance has as its main purpose to contest such jurisdiction.

§ 2 In the cases described in §1, the court may however decline its jurisdiction when it appears from the combined circumstances that the dispute has no meaningful connection with Belgium.

### Article 9. Related actions.

Belgian courts, with jurisdiction to hear an action, also have jurisdiction to hear an action so closely related to it that it is expedient to hear and determine them together to avoid the risk of irreconcilable judgments if the actions were heard separately.

### Article 11. Exceptional attribution of international jurisdiction.

Notwithstanding the other provisions of the present statute, the Belgian courts will exceptionally have jurisdiction when the matter presents close connections with Belgium and proceedings abroad seem impossible or when it would be unreasonable to demand that the action be brought abroad.

### SECTION 6. Effect of Foreign Judgments and Foreign Authentic Instruments

### Article 22. Recognition and enforcement of foreign judgments.

§ 1 A foreign judgment, which is enforceable in the State in which it was rendered, will be declared enforceable in whole or in part in Belgium, in accordance with the procedure set out in article 23.

A foreign judgment will be recognized in Belgium, in whole or in part, without there being a need for the application of the procedure set out in article 23.

If the recognition issue is brought incidentally before a Belgian court, the latter has jurisdiction to hear it.

The judgment may only be recognized or declared enforceable if it does not violate the conditions of article 25.

§ 2 Any interested party, and in matters regarding the status of natural persons also the advocate-general, can in accordance with the procedure set out in article 23 request that the judgment be recognized or declared enforceable, in whole or in part, or that it be declared not recognizable or not enforceable, in whole or in part.

§ 3 For the purpose of the present statute:

1° the term judgment means any decision rendered by an authority exercising judicial power;

2° the recognition gives legal power to the foreign judgment.

### Article 23. Jurisdiction and procedure for recognition and enforcement.

§ 1 Except in the cases provided for in article 121, the court of first instance has jurisdiction to hear actions for recognition and enforcement of a foreign judgment.

§ 2 Except in the case provided for in article 31, the court with territorial jurisdiction, is the court of the domicile or habitual residence of the defendant; in the absence of such domicile or habitual residence, it is the court of the place of execution.

When an action for recognition cannot be introduced before the court referred to in the first part, the plaintiff may seize the judge of its domicile or residence in Belgium. In the absence of such domicile or residence in Belgium, the plaintiff can seize the court of the district of Brussels.

§ 3 The action is introduced and treated in accordance with the procedure referred to in articles 1025 to 1034 of the Code of Civil Procedure. The petitioner has to elect domicile within the district of the court. The judge decides within a short delay.

§ 4 The foreign judgment subject or open to an ordinary recourse can be enforced provisionally. The judge may make the enforcement subject to the provision of a guarantee.

§ 5 Contrary to articles 1029 of the Code of Civil Procedure, only conservatory measures can be taken with respect to the property of the party against whom the enforcement is sought during the period provided for an appeal against the decision that allows enforcement, and until a decision with respect to the appeal is taken. The decision, which allows the enforcement, contains the permission to take these measures.

### Article 24.  Documents to be submitted with a view to the recognition and enforcement.

§ 1 The party that invokes the recognition of or seeks to declare a foreign judgment enforceable must produce the following documents:

1° a certified copy of the decision, which according to the law of the State where it was rendered meets the conditions required for the authenticity thereof;

2° if it concerns a decision by default, the original or a certified copy of the document establishing that the act that introduced the proceeding or the equivalent document was served or brought to the notice of the defaulting party in accordance with the law of the State where the decision was rendered;

3° any document on the basis of which it can be established that, according to the law of the State where the decision was rendered, the decision is enforceable and has been served or brought to notice.

§ 2 In the absence of the production of the documents mentioned in §1, the judge may impose a delay in which they are to be produced or accept equivalent documents or, if he believes to be sufficiently informed, grant an exemption.

### Article 25.  Grounds for refusal of recognition and enforcement.

§ 1 A foreign judgment shall not be recognized or declared enforceable if:

1° the result of the recognition or enforceability would be manifestly incompatible with public policy; upon determining the incompatibility with the public policy special consideration is given to the extent in which the situation is connected to the Belgian legal order and the seriousness of the consequences, which will be caused thereby.

2° the rights of the defense were violated;

3° in a matter in which parties cannot freely dispose of their rights, the judgment is only obtained to evade the application of the law designated by the present statute;

4° according to the law of the State where the judgment was rendered and without prejudice to article 23, §4, the judgment would still be subject to an ordinary recourse in the said State;

5° the judgment is irreconcilable with a Belgian judgment or an earlier foreign judgment that is amenable to recognition in Belgium;

6° the claim was brought abroad after a claim which is still pending between the same parties and with the same cause of action was brought in Belgium;

7° the Belgian courts had exclusive jurisdiction to hear the claim;

8° the jurisdiction of the foreign court was based exclusively on the presence of the defendant or the assets located in the state of such court, but without any direct relation with the dispute; or;

9° the recognition or enforceability would be contrary to the grounds for refusal provided for in articles 39, 57, 72, 95, 115 and 121.

§ 2 Under no circumstances will the foreign judgment be reviewed on the merits.

### Article 26.  Foreign judgments as evidence.

§ 1 A foreign judgment is evidence in Belgium of the findings of fact made by the judge if it meets the conditions required for the authenticity of judgments according to the law of the State where it was rendered.

The findings of fact made by the foreign judge are not taken into account to the extent that they would produce an effect manifestly incompatible with the public policy.

§ 2 Evidence to the contrary relating to facts established by the foreign judge can be brought by any legal means.

### Article 27.  Recognition and executor force of foreign authentic instruments.

§ 1 A foreign authentic instrument is recognized by any authority in Belgium without the need for any procedure if the validity is established in accordance with the law applicable by virtue of the present statute and more specifically with due regard of articles 18 and 21.

The instrument must satisfy the conditions necessary to establish authenticity under the law of the State where it was drawn up.

To the extent that is required, article 24 is applicable.

In the event that the authority refuses to recognize the validity of the instrument, an appeal may be lodged before the court of first instance without prejudice to article 121, in accordance with the procedure set out in article 23.

§ 2 A foreign authentic instrument which has executory force in the State were the instrument was drawn up, will be declared enforceable in Belgium by the court of first instance, without prejudice

to article 121 in accordance with the procedure set out in article 23 and after verification of the conditions provided for in §1.

§ 3 A judicial settlement, which has been approved by a foreign judge and is enforceable in the State where the settlement was approved, can be declared enforceable under the same conditions as authentic instruments.

### Article 28.  Foreign authentic instruments as evidence.

§ 1 A foreign authentic instrument is evidence in Belgium of the finding of facts made by the authority that has drawn up the instrument, if the authentic instrument cumulatively satisfies:

1° the conditions required by the present statute for the form of the instruments;

2° the conditions required, by the law of the State where the instrument was drawn up, for the authenticity thereof.

The finding of facts made by the foreign authority is not taken into account to the extent that they would produce an effect manifestly incompatible with the public policy.

§ 2 Evidence to the contrary relating to facts established by the foreign authority can be brought by any legal means.

### Article 29.  Factual effect of foreign judgments and authentic instruments.

In Belgium consideration is given to the existence of a foreign judgment or authentic instrument without verification of the conditions required for recognition, enforcement or its value as evidence.

### Article 30.  Legalization.

§ 1 In order to be produced in Belgium a foreign judgment or authentic instrument has to be legalized in its entirety or as an excerpt, in original or copy.

The legalization confirms only the authenticity of the signature, the capacity in which the signatory acted and, as the case may be, the identity of the seal or stamp on the document.

§ 2 The legalization is done:

1° by a Belgian diplomatic or consular agent who is accredited in the State where the judgment is rendered or where the instrument has been drawn up;

2° in the absence thereof, by a diplomatic or consular agent of a foreign State who looks after the Belgian interests in that State;

3° in the absence thereof, by the Minister of Foreign Affaires.

§ 3 The King determines the specific rules of the legalization.

**Article 31. Mention and transcription of foreign judgments and authentic instruments with respect to status and capacity.**

§ 1 A foreign authentic instrument regarding the civil status can only be mentioned on the side of the instrument of civil status or be transcribed in the civil register or serve as basis of inscription in the population register, foreigners' register or a 'waiting register' after verification of the conditions set out in article 27, §1.

The mention or transcription of a foreign judgment can only take place after investigation of the conditions set out in articles 24 and 25 and, as the case may be, in articles 39, 57 and 72.

In the event that the keeper refuses to proceed to the mention or transcription, an appeal may be lodged before the court of first instance of the district where the register is kept, in accordance with the procedure set out in article 23.

§ 2 The keeper of the instrument or register is charged with this investigation.

The Minister of Justice can draft guidelines with a view to the uniform application of the conditions referred to in §1.

In case of doubt upon determining the conditions referred to in §1, the keeper of the instrument or register can submit the instrument or judgment to the advocate-general for advice. If required, the advocate-general proceeds with an additional investigation.

§ 3 The King can open and organize a new register for the judgments and instruments that meet the conditions referred to in §1, when they relate to a Belgian citizen or a foreigner who resides in Belgium.

**Wetboek van Internationaal Privaatrecht**

### Artikel 2

Onder voorbehoud van de toepassing van internationale verdragen, van het recht van de Europese Unie of van bepalingen in bijzondere wetten, regelt deze wet voor internationale gevallen de bevoegdheid van de Belgische rechters, de aanwijzing van het toepasselijk recht en de voorwaarden voor de uitwerking in België van buitenlandse rechterlijke beslissingen en authentieke akten in burgerlijke zaken en in handelszaken.

### Artikel 5

§ 1 Behalve in de gevallen waar deze wet anders bepaalt, zijn de Belgische rechters bevoegd indien de verweerder bij de inleiding van de vordering zijn woonplaats of gewone verblijfplaats in België heeft.

Indien er verschillende verweerders zijn, zijn de Belgische rechters bevoegd indien een van hen zijn woonplaats of gewone verblijfplaats in België heeft, tenzij de vordering slechts werd ingesteld om een gedaagde te onttrekken aan de rechter van zijn woonplaats of zijn gewone verblijfplaats in het buitenland.

§ 2 De Belgische rechters zijn eveneens bevoegd om kennis te nemen van de vorderingen betreffende de exploitatie van de nevenvestiging van een rechtspersoon die geen woonplaats, noch gewone verblijfplaats heeft in België, indien deze vestiging zich in België bevindt bij de instelling van de vordering.

### Artikel 6

§ 1 Wanneer de partijen, in een aangelegenheid waarin zij vrij over hun rechten kunnen beschikken uit hoofde van Belgisch recht, rechtsgeldig zijn overeengekomen om de Belgische rechters of een Belgische rechter bevoegd te maken om kennis te nemen van bestaande of toekomstige geschillen die uit een rechtsverhouding voortvloeien, zijn deze exclusief bevoegd.

Behalve in de gevallen waar deze wet anders bepaalt, is de Belgische rechter voor wie de verweerder verschijnt, bevoegd om kennis te nemen van de tegen hem ingestelde vordering tenzij de verschijning tot voornaamste doel heeft de bevoegdheid te betwisten.

§ 2 In de gevallen beschreven in § 1, kan de rechter evenwel zijn bevoegdheid weigeren wanneer uit het geheel van de omstandigheden blijkt dat het geschil geen enkele betekenisvolle band met België heeft.

### Artikel 9

Wanneer de Belgische rechters bevoegd zijn om kennis te nemen van een vordering, zijn zij eveneens bevoegd om kennis te nemen van een vordering die zo nauw ermee verbonden is dat

het wenselijk is om ze samen te behandelen en te berechten, teneinde te voorkomen dat de beslissingen onverenigbaar zouden zijn wanneer de vorderingen afzonderlijk worden berecht.

### Artikel 11

Onverminderd de andere bepalingen van deze wet zijn de Belgische rechters uitzonderlijk bevoegd wanneer de zaak nauwe banden met België heeft en een procedure in het buitenland onmogelijk blijkt of het onredelijk zou zijn te eisen dat de vordering in het buitenland wordt ingesteld.

### Artikel 22

§ 1 Een buitenlandse rechterlijke beslissing die uitvoerbaar is in de Staat waar zij werd gewezen, wordt in België geheel of gedeeltelijk uitvoerbaar verklaard overeenkomstig de procedure bedoeld in artikel 23.

Een buitenlandse rechterlijke beslissing wordt in België geheel of gedeeltelijk erkend zonder dat hiervoor de procedure bedoeld in artikel 23 moet worden gevolgd.

Indien de erkenning incidenteel wordt aangevoerd voor een Belgische rechter, is deze bevoegd daarvan kennis te nemen.

De beslissing mag alleen erkend of uitvoerbaar verklaard worden indien zij de voorwaarden gesteld in artikel 25 niet schendt.

§ 2 Elke persoon die een belang heeft en, in zaken die de staat van personen betreffen, eveneens het openbaar ministerie, kan overeenkomstig de procedure bedoeld in artikel 23 doen vaststellen dat de beslissing al dan niet, geheel of gedeeltelijk, moet worden erkend of uitvoerbaar verklaard.

§ 3 In de zin van deze wet:

1° betekent het begrip rechterlijke beslissing de beslissingen die worden gewezen door een instantie die een rechtsmacht uitoefent;

2° verleent de erkenning rechtskracht aan de buitenlandse beslissing.

### Artikel 23

§ 1 De rechtbank van eerste aanleg is bevoegd, behalve in de gevallen bedoeld in artikel 121, om kennis te nemen van vorderingen tot erkenning of uitvoerbaarverklaring van een buitenlandse rechterlijke beslissing.

§ 2 Behalve voor het geval bedoeld in artikel 31, is de territoriaal bevoegde rechtbank die van de woonplaats of van de gewone verblijfplaats van de verweerder; bij gebreke van woon- of verblijfplaats in België, is dit de rechtbank van de plaats van de uitvoering.

Wanneer de vordering tot erkenning niet kan worden ingeleid voor de rechtbank bedoeld in het eerste lid, mag de verzoeker de zaak brengen voor de rechtbank van zijn woonplaats of zijn

gewone verblijfplaats; bij gebreke van woonplaats of verblijfplaats in België mag hij de zaak brengen voor de rechtbank van het arrondissement Brussel.

§ 3 De vordering wordt ingesteld en behandeld volgens de procedure bedoeld in de artikelen 1025 tot 1034 van het Gerechtelijk Wetboek. De verzoeker moet woonplaats kiezen in het rechtsgebied van de rechtbank. De rechter moet op korte termijn uitspraak doen.

§ 4 De buitenlandse rechterlijke beslissing waartegen een gewoon rechtsmiddel is aangewend of die daarvoor vatbaar is, kan voorlopig ten uitvoer worden gelegd. De rechter kan de tenuitvoerlegging afhankelijk maken van een zekerheidstelling.

§ 5 In afwijking van artikel 1029 van het Gerechtelijk Wetboek kunnen, tijdens de termijn waarbinnen beroep kan worden ingesteld tegen beslissingen die tenuitvoerlegging toestaan en tot over dat beroep uitspraak is gedaan, alleen bewarende maatregelen worden genomen op de goederen van de partij tegen wie tenuitvoerlegging wordt gevorderd. De beslissing die tenuitvoerlegging toestaat, houdt de toelating in om die maatregelen te nemen.

### Artikel 24

§ 1 De partij die een beroep doet op de erkenning van een buitenlandse rechterlijke beslissing, of de uitvoerbaarverklaring ervan vordert, moet de volgende stukken overleggen:

1° een uitgifte van de beslissing die volgens het recht van de Staat waar zij is gewezen, voldoet aan de voorwaarden nodig voor de echtheid ervan;

2° in geval van een verstekbeslissing, het origineel of een voor eensluidend verklaard afschrift van het document waaruit blijkt dat het stuk dat het geding heeft ingeleid of een gelijkwaardig stuk volgens het recht van de Staat waar de beslissing is gewezen aan de niet verschenen partij is betekend of ter kennis gebracht;

3° enig document op grond waarvan kan worden vastgesteld dat de beslissing, volgens het recht van de Staat waar zij is gewezen, uitvoerbaar is en betekend of ter kennis gebracht is.

§ 2 Bij gebreke van overlegging van de in § 1 vermelde documenten kan de rechter een termijn voor de overlegging ervan bepalen, of gelijkwaardige documenten aanvaarden of, indien hij zich voldoende voorgelicht acht, van overlegging vrijstellen.

### Artikel 25

§ 1 Een buitenlandse rechterlijke beslissing wordt niet erkend of uitvoerbaar verklaard indien:

1° het gevolg van de erkenning of van de uitvoerbaarverklaring kennelijk onverenigbaar zou zijn met de openbare orde; bij de beoordeling van deze onverenigbaarheid wordt inzonderheid rekening gehouden met de mate waarin het geval met de Belgische rechtsorde is verbonden en met de ernst van de gevolgen die aldus worden veroorzaakt;

2° de rechten van de verdediging zijn geschonden;

3° de beslissing alleen is verkregen om te ontsnappen aan de toepassing van het door deze wet aangewezen recht, in een aangelegenheid waarin partijen niet vrij over hun rechten kunnen beschikken;

4° zij, onverminderd artikel 23, § 4, overeenkomstig het recht van de Staat waar zij werd gewezen, nog vatbaar is voor een gewoon rechtsmiddel;

5° zij onverenigbaar is met een in België gewezen beslissing of met een voordien in het buitenland gewezen beslissing die in België kan worden erkend;

6° de vordering in het buitenland werd ingesteld na het instellen in België van een vordering die nog steeds aanhangig is tussen dezelfde partijen en met hetzelfde onderwerp;

7° de Belgische rechters exclusief bevoegd waren om kennis te nemen van de vordering;

8° de bevoegdheid van de buitenlandse rechter uitsluitend gegrond was op de aanwezigheid van de verweerder of van goederen zonder rechtstreeks verband met het geschil in de Staat waartoe die rechter behoort;

9° de erkenning of de uitvoerbaarverklaring in strijd zou zijn met de weigeringsgronden bedoeld in de artikelen 39, 57, 72, 95, 115 en 121.

§ 2 In geen geval mag de buitenlandse rechterlijke beslissing ten gronde worden herzien.

### **Artikel 26**

§ 1 Een buitenlandse rechterlijke beslissing strekt in België tot bewijs van de vaststellingen gedaan door de rechter indien zij voldoet aan de voorwaarden nodig voor de echtheid ervan volgens het recht van de Staat waar zij is gewezen.

De vaststellingen gedaan door de buitenlandse rechter worden niet in aanmerking genomen voorzover zij een gevolg zouden hebben dat kennelijk onverenigbaar is met de openbare orde.

§ 2 Het tegenbewijs van de feiten vastgesteld door de buitenlandse rechter mag met alle bewijsmiddelen worden aangebracht.

### **Artikel 27**

§ 1 Een buitenlandse authentieke akte wordt in België door alle overheden erkend zonder dat een beroep moet worden gedaan op enige procedure indien haar rechtsgeldigheid wordt vastgesteld overeenkomstig het krachtens deze wet toepasselijk recht, en meer bepaald met inachtneming van de artikelen 18 en 21.

De akte moet voldoen aan de voorwaarden die volgens het recht van de Staat waar zij is opgesteld, nodig zijn voor haar echtheid.

Artikel 24 is, voorzover nodig, van toepassing.

Ingeval de overheid weigert de geldigheid van de akte te erkennen, kan beroep worden ingesteld bij de rechtbank van eerste aanleg, onverminderd artikel 121, overeenkomstig de procedure bedoeld in artikel 23.

§ 2 Een buitenlandse authentieke akte die uitvoerbaar is in de Staat waarin zij is opgesteld, wordt in België uitvoerbaar verklaard door de rechtbank van eerste aanleg, onverminderd artikel 121, overeenkomstig de procedure bedoeld in artikel 23 en na onderzoek van de voorwaarden bedoeld in § 1.

§ 3 Een gerechtelijke schikking aangegaan voor een buitenlandse rechter, die uitvoerbaar is in de Staat waar zij tot stand is gekomen, kan in België onder dezelfde voorwaarden als een authentieke akte uitvoerbaar verklaard worden.

### **Artikel 28**

§ 1 Een buitenlandse authentieke akte strekt in België tot bewijs van de feiten vastgesteld door de buitenlandse overheid die de akte heeft opgesteld, indien zij tegelijk voldoet:

1° aan de voorwaarden die deze wet stelt aan de vorm van de akten; en

2° aan de voorwaarden voor de echtheid ervan volgens het recht van de Staat waar zij is opgesteld.

De vaststellingen gedaan door de buitenlandse overheid worden niet in aanmerking genomen voorzover zij een gevolg zouden hebben dat kennelijk onverenigbaar is met de openbare orde.

§ 2 Het tegenbewijs van de feiten vastgesteld door de buitenlandse overheid mag met alle bewijsmiddelen worden aangebracht.

### **Artikel 29**

Met het bestaan van een buitenlandse rechterlijke beslissing of van een buitenlandse authentieke akte kan in België rekening worden gehouden zonder onderzoek van de voorwaarden nodig voor de erkenning, de uitvoerbaarverklaring of de bewijskracht ervan.

### **Artikel 30**

§ 1 Een buitenlandse rechterlijke beslissing of authentieke akte moet worden gelegaliseerd om in België geheel of bij uittreksel, in origineel of bij afschrift, te worden voorgelegd.

De legalisatie bevestigt slechts de echtheid van de handtekening, de hoedanigheid waarin de ondertekenaar van het stuk heeft gehandeld en, in voorkomend geval, de identiteit van het zegel of de stempel op het stuk.

§ 2 De legalisatie wordt gedaan:

1° door een Belgische diplomatieke of consulaire ambtenaar die geaccrediteerd is in de Staat waar de beslissing is gewezen of de akte is opgesteld;

2° bij gebreke hiervan, door een diplomatieke of consulaire ambtenaar van de buitenlandse Staat die de belangen van België in die Staat behartigt;

3° bij gebreke hiervan, door de Minister van Buitenlandse Zaken.

§ 3 De Koning bepaalt de nadere regels van de legalisatie.

### **Artikel 31**

§ 1 Een buitenlandse authentieke akte betreffende de burgerlijke stand kan slechts worden vermeld op de kant van een akte van de burgerlijke stand, worden overgeschreven in een register van de burgerlijke stand of als basis dienen voor de inschrijving in een bevolkingsregister, een vreemdelingenregister of een wachtregister, na onderzoek van de voorwaarden bedoeld in artikel 27, § 1.

De vermelding of overschrijving van een buitenlandse rechterlijke beslissing kan slechts plaatsvinden na onderzoek van de voorwaarden bedoeld in de artikelen 24 en 25 en, naargelang van het geval, in de artikelen 39, 57 en 72.

Ingeval de bewaarder weigert over te gaan tot de vermelding of tot de overschrijving, kan beroep worden ingesteld bij de rechtbank van eerste aanleg van het arrondissement waarin het register wordt gehouden, overeenkomstig de procedure bedoeld in artikel 23.

§ 2 Dit onderzoek gebeurt door de bewaarder van de akte of van het register.

De Minister van Justitie kan richtlijnen opstellen die de eenvormige toepassing waarborgen van de voorwaarden bedoeld in § 1.

De bewaarder van de akte of van het register kan bij ernstige twijfel bij de beoordeling van de voorwaarden bedoeld in § 1, de akte of de beslissing voor advies overzenden aan het openbaar ministerie dat, indien nodig, aanvullend onderzoek verricht.

§ 3 De Koning kan een register aanleggen en zijn werking regelen, voor beslissingen en akten die voldoen aan de voorwaarden bedoeld in § 1, wanneer zij betrekking hebben op een Belg of op een vreemdeling die in België verblijft.

**Code de droit international privé**

### Article 2

Sous réserve de l'application des traités internationaux, du droit de l'Union européenne ou de dispositions contenues dans des lois particulières, la présente loi régit, dans une situation internationale, la compétence des juridictions belges, la détermination du droit applicable et les conditions de l'efficacité en Belgique des décisions judiciaires et actes authentiques étrangers en matière civile et commerciale.

### Article 5

§ 1er Hormis les cas où la présente loi en dispose autrement, les juridictions belges sont compétentes si le défendeur est domicilié ou a sa résidence habituelle en Belgique lors de l'introduction de la demande.

S'il y a plusieurs défendeurs, les juridictions belges sont compétentes si l'un d'eux est domicilié ou a sa résidence habituelle en Belgique, à moins que la demande n'ait été formée que pour traduire un défendeur hors de la juridiction de son domicile ou de sa résidence habituelle à l'étranger.

§ 2 Les juridictions belges sont également compétentes pour connaître de toute demande concernant l'exploitation de l'établissement secondaire d'une personne morale n'ayant ni domicile ni résidence habituelle en Belgique, lorsque cet établissement est situé en Belgique lors de l'introduction de la demande.

### Article 6

§ 1er Lorsque les parties, en une matière où elles disposent librement de leurs droits en vertu du droit belge, sont convenues valablement, pour connaître des différends nés ou à naître à l'occasion d'un rapport de droit, de la compétence des juridictions belges ou de l'une d'elles, celles-ci sont seules compétentes.

Hormis les cas où la présente loi en dispose autrement, le juge belge devant lequel le défendeur comparaît est compétent pour connaître de la demande formée contre lui, sauf si la comparution a pour objet principal de contester la compétence.

§ 2 Dans les cas prévus au § 1er, le juge peut toutefois décliner sa compétence lorsqu'il résulte de l'ensemble des circonstances que le litige ne présente aucun lien significatif avec la Belgique.

### Article 9

Lorsque les juridictions belges sont compétentes pour connaître d'une demande, elles le sont également pour connaître d'une demande qui y est liée par un rapport si étroit qu'il y a intérêt à instruire et à juger celles-ci en même temps afin d'éviter des solutions qui pourraient être inconciliables si les causes étaient jugées séparément.

### Article 11

Nonobstant les autres dispositions de la présente loi, les juridictions belges sont exceptionnellement compétentes lorsque la cause présente des liens étroits avec la Belgique et qu'une procédure à l'étranger se révèle impossible ou qu'on ne peut raisonnablement exiger que la demande soit formée à l'étranger.

### Article 22

§ 1er Une décision judiciaire étrangère exécutoire dans l'Etat où elle a été rendue est déclarée exécutoire en Belgique, en tout ou en partie, conformément à la procédure visée à l'article 23.

Une décision judiciaire étrangère est reconnue en Belgique, en tout ou en partie, sans qu'il faille recourir à la procédure visée à l'article 23.

Si la reconnaissance est invoquée de façon incidente devant une juridiction belge, celle-ci est compétente pour en connaître.

La décision ne peut être reconnue ou déclarée exécutoire que si elle ne contrevient pas aux conditions de l'article 25.

§ 2 Toute personne qui y a intérêt ainsi que, en matière d'état d'une personne, le ministère public, peut faire constater, conformément à la procédure visée à l'article 23, que la décision doit être reconnue ou déclarée exécutoire, en tout ou en partie, ou ne peut l'être.

§ 3 Au sens de la présente loi:

1° le terme décision judiciaire vise toute décision rendue par une autorité exerçant un pouvoir de juridiction;

2° la reconnaissance établit pour droit ce qui a été décidé à l'étranger.

### Article 23

§ 1er Hormis les cas visés à l'article 121, le tribunal de première instance est compétent pour connaître d'une demande concernant la reconnaissance ou la déclaration de la force exécutoire d'une décision judiciaire étrangère.

§ 2 Hormis le cas visé à l'article 31, le tribunal territorialement compétent est celui du domicile ou de la résidence habituelle du défendeur; à défaut de domicile ou de résidence en Belgique, ce tribunal est celui du lieu d'exécution.

Lorsque la demande concernant la reconnaissance d'une décision ne peut être portée devant un tribunal désigné à l'alinéa 1er, le demandeur peut saisir le juge du lieu de son domicile ou de sa résidence habituelle; à défaut de domicile ou de résidence en Belgique, il peut saisir le tribunal de l'arrondissement de Bruxelles.

§ 3 La demande est introduite et instruite conformément à la procédure visée aux articles 1025 à 1034 du Code judiciaire. Le requérant doit faire élection de domicile dans le ressort du tribunal. Le juge statue à bref délai.

§ 4 La décision judiciaire étrangère pouvant faire ou faisant l'objet d'un recours ordinaire peut donner lieu à des mesures d'exécution provisoires. Le juge peut subordonner celles-ci à la constitution d'une garantie.

§ 5 Par dérogation à l'article 1029 du Code judiciaire, durant le délai prévu pour un recours contre une décision autorisant l'exécution et jusqu'à ce qu'il ait été statué sur ce dernier, il ne peut être procédé qu'à des mesures conservatoires sur les biens de la partie contre laquelle l'exécution est demandée. La décision qui autorise l'exécution emporte l'autorisation de procéder à ces mesures.

### Article 24

§ 1er La partie qui invoque la reconnaissance ou demande la déclaration de la force exécutoire d'une décision judiciaire étrangère doit produire:

1° une expédition de la décision, réunissant les conditions nécessaires à son authenticité selon le droit de l'Etat dans lequel elle a été rendue;

2° s'il s'agit d'une décision par défaut, l'original ou une copie certifiée conforme du document établissant que l'acte introductif d'instance ou un acte équivalent a été signifié ou notifié à la partie défaillante selon le droit de l'Etat dans lequel la décision a été rendue;

3° tout document de nature à établir que, selon le droit de l'Etat dans lequel la décision a été rendue, celle-ci est exécutoire et a été signifiée ou notifiée.

§ 2 A défaut de production des documents mentionnés au § 1er, le juge peut impartir un délai pour les produire ou accepter des documents équivalents ou, s'il s'estime suffisamment éclairé, en dispenser.

### Article 25

§ 1er Une décision judiciaire étrangère n'est ni reconnue ni déclarée exécutoire si:

1° l'effet de la reconnaissance ou de la déclaration de la force exécutoire serait manifestement incompatible avec l'ordre public; cette incompatibilité s'apprécie en tenant compte, notamment, de l'intensité du rattachement de la situation avec l'ordre juridique belge et de la gravité de l'effet ainsi produit;

2° les droits de la défense ont été violés;

3° la décision a été obtenue, en une matière où les personnes ne disposent pas librement de leurs droits, dans le seul but d'échapper à l'application du droit désigné par la présente loi;

4° sans préjudice de l'article 23, § 4, elle peut encore faire l'objet d'un recours ordinaire selon le droit de l'Etat dans lequel elle a été rendue;

5° elle est inconciliable avec une décision rendue en Belgique ou avec une décision rendue antérieurement à l'étranger et susceptible d'être reconnue en Belgique;

6° la demande a été introduite à l'étranger après l'introduction en Belgique d'une demande, encore pendante, entre les mêmes parties et sur le même objet;

7° les juridictions belges étaient seules compétentes pour connaître de la demande;

8° la compétence de la juridiction étrangère était fondée uniquement sur la présence du défendeur ou de biens sans relation directe avec le litige dans l'Etat dont relève cette juridiction; ou

9° la reconnaissance ou la déclaration de la force exécutoire se heurte à l'un des motifs de refus visés aux articles 39, 57, 72, 95, 115 et 121.

§ 2 En aucun cas, la décision judiciaire étrangère ne peut faire l'objet d'une révision au fond.

### **Article 26**

§ 1er Une décision judiciaire étrangère fait foi en Belgique des constatations faites par le juge si elle satisfait aux conditions nécessaires à son authenticité selon le droit de l'Etat dans lequel elle a été rendue.

Les constatations faites par le juge étranger sont écartées dans la mesure où elles produiraient un effet manifestement incompatible avec l'ordre public.

§ 2 La preuve contraire des faits constatés par le juge étranger peut être apportée par toutes voies de droit.

### **Article 27**

§ 1er Un acte authentique étranger est reconnu en Belgique par toute autorité sans qu'il faille recourir à aucune procédure si sa validité est établie conformément au droit applicable en vertu de la présente loi, en tenant spécialement compte des articles 18 et 21.

L'acte doit réunir les conditions nécessaires à son authenticité selon le droit de l'Etat dans lequel il a été établi.

L'article 24 est, pour autant que de besoin, applicable.

Lorsque l'autorité refuse de reconnaître la validité de l'acte, un recours peut être introduit devant le tribunal de première instance, sans préjudice de l'article 121, conformément à la procédure visée à l'article 23.

§ 2 Un acte authentique étranger, s'il est exécutoire dans l'Etat où il a été établi, est déclaré exécutoire en Belgique par le tribunal de première instance, sans préjudice de l'article 121, conformément à la procédure visée à l'article 23 et après vérification des conditions visées au § 1er.

§ 3 Une transaction passée devant un juge étranger, si elle est exécutoire dans l'Etat où elle a été conclue, peut être déclarée exécutoire en Belgique aux mêmes conditions qu'un acte authentique.

### Article 28

§ 1er Un acte authentique étranger fait foi en Belgique des faits constatés par l'autorité étrangère qui l'a établi, s'il satisfait à la fois:

1° aux conditions de la présente loi régissant la forme des actes; et

2° aux conditions nécessaires à son authenticité selon le droit de l'Etat dans lequel il a été établi.

Les constatations faites par l'autorité étrangère sont écartées dans la mesure où elles produiraient un effet manifestement incompatible avec l'ordre public.

§ 2 La preuve contraire des faits constatés par l'autorité étrangère peut être apportée par toutes voies de droit.

### Article 29

Il peut être tenu compte en Belgique de l'existence d'une décision judiciaire étrangère ou d'un acte authentique étranger, sans vérification des conditions nécessaires à sa reconnaissance, à la déclaration de sa force exécutoire ou à sa force probante.

### Article 30

§ 1er Une décision judiciaire étrangère ou un acte authentique étranger doit être légalisé pour être produit en Belgique en intégralité ou en extrait, en original ou en copie.

La légalisation n'atteste que la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont l'acte est revêtu.

§ 2 La légalisation est faite:

1° par un agent diplomatique ou consulaire belge accrédité dans l'Etat où la décision ou l'acte a été rendu ou établi;

2° à défaut, par un agent diplomatique ou consulaire de l'Etat étranger qui représente les intérêts de la Belgique dans cet Etat;

3° à défaut, par le Ministre des Affaires étrangères.

§ 3 Le Roi détermine les modalités de la légalisation.

### Article 31

§ 1er Un acte authentique étranger concernant l'état civil ne peut faire l'objet d'une mention en marge d'un acte de l'état civil ou être transcrit dans un registre de l'état civil ou servir de base à

une inscription dans un registre de la population, un registre des étrangers ou un registre d'attente qu'après vérification des conditions visées à l'article 27, § 1er.

La mention ou la transcription d'une décision judiciaire étrangère ne peut avoir lieu qu'après vérification des conditions visées aux articles 24 et 25 et, selon les cas, aux articles 39, 57 et 72.

Lorsque le dépositaire refuse de procéder à la mention ou à la transcription, un recours peut être introduit devant le tribunal de première instance de l'arrondissement dans lequel le registre est tenu, conformément à la procédure visée à l'article 23.

§ 2 La vérification est réalisée par le dépositaire de l'acte ou du registre.

Le Ministre de la Justice peut établir des directives visant à assurer une application uniforme des conditions visées au § 1er.

Le dépositaire de l'acte ou du registre peut, en cas de doute sérieux lors de l'appréciation des conditions visées au § 1er, transmettre l'acte ou la décision pour avis au ministère public qui procède si nécessaire à des vérifications complémentaires.

§ 3 Le Roi peut créer et fixer les modalités de la tenue d'un registre des décisions et des actes qui satisfont aux conditions visées au § 1er, lorsqu'ils concernent un Belge ou un étranger résidant en Belgique.