# EXHIBIT F

**Excerpt from M. Pertegás and L. Samyn, "Artikel 6: uitbreiding van de internationale bevoegdheid door wilskeuze", in J. Erauw e.a. (eds.) Het Wetboek Internationaal Privaatrecht becommentarieerd, Antwerpen, Intersentia, 2006, 33**

On the basis of Article 6, §1, first alinea, the parties can indicate the judge that will be exclusively competent to hear their case. This exclusivity entails that the parties wish that only the Belgian court is competent and that, in principle, other international or national courts cannot hear the case. Of course, notwithstanding Article 6 BCIPL, it remains possible that a foreign court decides that it is competent on the basis of its own jurisdiction rules, irrespective of the parties' choice for the Belgian courts. The recognition or enforcement of this foreign decision will be refused in Belgium on the basis of Article 25, §1, 7°.

# HET WETBOEK INTERNATIONAAL PRIVAATRECHT BECOMMENTARIEERD

# LE CODE DE DROIT INTERNATIONAL PRIVÉ COMMENTÉ

J. Erauw, M. Fallon, E. Guldix,
J. Meeusen, M. Pertegás,
H. van Houtte, N. Watté,
P. Wautelet
(eds.)

 intersentia    BRUYLANT

# ARTIKEL 6
## UITBREIDING VAN DE INTERNATIONALE BEVOEGDHEID DOOR WILSKEUZE

§ 1. Wanneer de partijen, in een aangelegenheid waarin zij vrij over hun rechten kunnen beschikken uit hoofde van Belgisch recht, rechtsgeldig zijn overeengekomen om de Belgische rechters of een Belgische rechter bevoegd te maken om kennis te nemen van bestaande of toekomstige geschillen die uit een rechtsverhouding voortvloeien, zijn deze exclusief bevoegd.

Behalve in de gevallen waar deze wet anders bepaalt, is de Belgische rechter voor wie de verweerder verschijnt, bevoegd om kennis te nemen van de tegen hem ingestelde vordering tenzij de verschijning tot voornaamste doel heeft de bevoegdheid te betwisten.

§ 2. In de gevallen beschreven in § 1, kan de rechter evenwel zijn bevoegdheid weigeren wanneer uit het geheel van de omstandigheden blijkt dat het geschil geen enkele betekenisvolle band met België heeft.

§ 1er. Lorsque les parties, en une matière où elles disposent librement de leurs droits en vertu du droit belge, sont convenues valablement, pour connaître des différends nés ou à naître à l'occasion d'un rapport de droit, de la compétence des juridictions belges ou de l'une d'elles, celles-ci sont seules compétentes.

Hormis les cas où la présente loi en dispose autrement, le juge belge devant lequel le défendeur comparaît est compétent pour connaître de la demande formée contre lui, sauf si la comparution a pour objet principal de contester la compétence.

§ 2. Dans les cas prévus au § 1er, le juge peut toutefois décliner sa compétence lorsqu'il résulte de l'ensemble des circonstances que le litige ne présente aucun lien significatif avec la Belgique.

Auteurs: MARTA PERTEGÁS en LISELOT SAMYN

## I. INLEIDING

Artikel 6 maakt deel uit van de algemene bepalingen van het WIPR en vult een bestaande leemte in het nationaal recht op. Voorheen bestond er immers geen Belgische bepaling die op algemene wijze de uitbreiding van de internationale bevoegdheid van de gerechten door wilskeuze regelde.[1] De materie van het forumbeding was op Europees niveau geregeld en dit in artikel 23 EEX-Vo en artikel 17 EEX-Verdrag.

Het nieuwe artikel 6 WIPR spiegelt zich naar deze bepalingen en wordt ingeroepen wanneer deze communautaire voorschriften niet van toepassing zijn.

Artikel 6 WIPR geeft partijen de mogelijkheid om het bevoegde gerecht voor hun geschillen te kiezen en geeft ze zo de kans om de Belgische rechtbanken aan te duiden. Deze mogelijkheid heet bevoegdheidsprorogatie of -uitbreiding. De Belgische rechtbanken nemen door de wilsautonomie van de partijen kennis van een situatie waarvoor ze zonder keuze eventueel niet bevoegd zouden zijn. Enkel de overheidsgerechten worden hierbij geviseerd[2] en niet de arbitragerechters die via een arbitragebeding worden aangeduid.[3]

Artikel 6 bevat drie delen, namelijk de mogelijkheid tot het opstellen van een forumbeding (II), de vrijwillige verschijning van de verweerder (III) en het weigeren van de keuze door het ontbreken van een nauwe band (IV).

## II. FORUMBEDING

Via artikel 6 § 1, eerste alinea kunnen partijen de rechter aanduiden die *exclusief* van hun geschil moet kennis nemen. Deze exclusiviteit houdt in dat de partijen wensen dat enkel het Belgische gerecht bevoegd is en dat andere internationale of nationale gerechten in principe niet van de zaak kunnen kennis nemen. Uiteraard blijft niettegenstaande artikel 6 WIPR een beslissing van een buitenlandse rechtbank mogelijk die, ondanks de keuze door de partijen voor de Belgische rechtbanken, zich op basis van de eigen bevoegdheidsregels bevoegd zou verklaren. De erkenning of tenuitvoerlegging van deze buitenlandse beslissing zal in België op basis van artikel 25 § 1, 7° geweigerd worden.[4]

De toepassing van artikel 6 § 1, eerste alinea is aan twee inhoudelijke voorwaarden onderworpen. Allereerst is het forumbeding slechts *toegelaten* indien de partijen vrij over hun rechten kunnen beschikken overeenkomstig het Belgisch recht (A), vervolgens moet het forumbeding *rechtsgeldig* zijn gesloten (B).

---

[1] Er bestonden voorheen enkel bepalingen waarin de mogelijkheid tot wilsautonomie uitgesloten werd: zie bijvoorbeeld art. 32.20° van de Wet betreffende de handelspraktijken en de voorlichting en bescherming van de consument van 14 juli 1991, B.S. 29 augustus 1991.

[2] Memorie van Toelichting, 32-33.
[3] Deel 6 van het Ger.W. is hierop van toepassing.
[4] A. HEYVAERT, *De internationale rechtsmacht van de gerechten na het W.I.P.R.*, Mechelen, Kluwer, 2005, 28.