# EXHIBIT H

**Excerpt from J. Van Compernolle, "La production forcée de documents dans le code judiciaire", Ann.Dr. 1981, 101.**

For the same reason it is submitted that, apart from the duty of professional secrecy, an obligation of discretion may – under the strict control of the judge – constitute, in certain cases, a legitimate justification to abstain *(from producing documents)*.

# La production forcée de documents dans le Code judiciaire

par J. VAN COMPERNOLLE
*Professeur à la Faculté de Droit
de l'Université Catholique de Louvain* (*)

L'article 877 du Code judiciaire confère au juge le pouvoir d'ordonner, dans certaines circonstances, la production en original ou en copie de tout document détenu par une partie ou par un tiers. Les articles 878 à 882 du Code judiciaire règlent la procédure applicable à cette production forcée.

Enchaînant sur l'article 871 du Code judiciaire qui permet au juge d'ordonner « à toute partie litigante de produire les éléments de preuve dont elle dispose » (1), ces dispositions légales consacrent tout à la fois le principe de collaboration obligatoire des parties et des tiers à l'administration de la preuve et le rejet définitif de la vieille règle « nemo tenetur edere contra se ».

Cet adage qu'aucune loi, du reste, n'a jamais formulé, avait fait l'objet, en doctrine, de critiques sévères (2). La jurisprudence s'en était, aussi bien, à maintes reprises, écartée. Un arrêt de la Cour de

---

(*) Cette note reproduit en la remaniant une communication faite à la Faculté de Droit de l'Université Catholique de Louvain lors d'une Journée d'études organisée le 20.11.1980 par l'Unité de Droit civil et consacrée aux « Problèmes actuels du droit de la preuve ».

(1) Ainsi que le relève R. Rasir, l'article 871 du C. *jud.* a une portée à la fois plus large et plus restreinte que celle de l'article 877. En effet, l'article 877 ne vise que la production de documents tandis que l'article 871 est plus général puisqu'il emploie les termes « éléments de preuve ». D'autre part l'article 871 ne vise que les parties en litige alors que l'article 877 concerne également les tiers (R. Rasir, *La procédure de première instance dans le Code Judiciaire*, Larcier, 1978, p. 119).

(2) V. ainsi notamment Dekkers, « De la collaboration des parties dans l'administration de la preuve », *R. C. J. B.*, 1959, p. 146 et s.; Stevigny, « La charge de la preuve en matière civile », *J. T.*, 1957, p. 745 et s.

En règle « le médecin n'a pas le droit de révéler l'objet ou le résultat de ses examens à des tiers, même pas au juge. On verrait donc mal celui-ci requérir la production de documents contenant semblables indications, tels que des certificats médicaux attestant la bonne santé ou l'existence d'une maladie déterminée, des dossiers établis au cours d'un traitement ... » (36). Un document couvert par le secret médical ne saurait, d'aucune manière, faire l'objet d'une injonction de production forcée. Pareil document, s'il était néanmoins produit, devrait, en tout cas, être écarté des débats. Ce sont là des principes que la Cour de cassation a rappelés dans un important arrêt du 30 octobre 1978 (37).

Les médecins-experts restent soumis aux règles générales du secret professionnel. Il est cependant admis qu'ils ne sauraient se prévaloir de pareil secret à l'égard de celui qui les a commis. Le juge pourrait ainsi ordonner au médecin-expert qu'il a désigné la production des documents relatant les résultats de ses observations à la condition que celles-ci rentrent dans l'objet de la mission dont l'expert a été chargée (38). Il demeure cependant que des questions délicates peuvent, à ce niveau, se poser, là singulièrement où le médecin-expert reçoit des informations confidentielles du médecin traitant (39). L'intervention sans cesse croissante des médecins-conseils (que ce soit au sein des compagnies d'assurances, des organismes de mutuelle ...) multiplie les questions de ce genre qui concernent les conditions et l'étendue du secret médical. C'est au juge qu'il appartiendra, dans chaque cas, de les trancher avec prudence et réserve (40).

c) La doctrine a, dans sa grande majorité, toujours considéré que le banquier ne pouvait s'autoriser du secret professionnel protégé par l'article 458 du Code pénal. La Cour de cassation, dans un récent arrêt du 25 octobre 1978 (41) a déclaré qu'un banquier

---

(36) Duquesne et autres, *ibid.*, p. 277.
(37) Cass., 30 octobre 1978, *J. T.*, 1979, p. 369.
(38) Duquesne et autres, *op. cit.*, p. 277; Rasir, *op. cit.*, p. 139.
(39) V. ainsi Brux., 13 octobre 1964, *Pas.*, 1965, II., p. 239.
(40) Pour un exemple récent, v. Cour Travail Mons, 5 septembre 1980, *J. T.*, 1980, p. 742 et note R. Grosemans. Sur la question délicate de savoir si le patient peut délier le médecin du secret, v. les observations de P. Henry sous C. appel Liège, 6 décembre 1979. Jur. Liège, 1980, p. 129 et s.
(41) *J. T.*, 1979, p. 371 et s. et note A. Bruyneel, qui donne du problème une vue très complète (notamment sous les nos 13 à 17 où l'auteur évoque précisément le problème de la production de documents détenus par un banquier).

n'est pas lié par le secret professionnel au sens de cet article du Code pénal, mais par une simple obligation contractuelle de discrétion. Il ne semble donc pas que le banquier puisse encore se retrancher derrière le secret professionnel pour refuser de communiquer une pièce ou un document dont la production aurait été ordonnée en justice. Autre est cependant la question de savoir si l'obligation de discrétion qui pèse sur le banquier ne pourrait — abstraction faite de son caractère pénalement non-sanctionné — constituer un motif légitime de refus de production au sens de l'article 882 du Code judiciaire. Dans sa note d'observation publiée sous l'arrêt du 25 octobre 1978, M. André Bruyneel défend cette opinion, tout en relevant qu'il appartiendra aux tribunaux « d'apprécier avec une sévérité accrue cette objection et résoudre en défaveur des banques les cas douteux » (42). A l'appui de cette opinion l'on peut faire valoir que dans l'article 929 du Code judiciaire le secret professionnel n'est point considéré comme le seul motif légitime justifiant un refus de témoignage. Par identité de motif il serait ainsi avancé qu'indépendamment du secret professionnel une obligation de discrétion pourrait — sous le contrôle attentif du juge — constituer, dans certains cas, un motif légitime d'abstention. Il reste que l'obligation de discrétion n'est pas équipolente à un secret professionnel. Elle relève de ce concept un peu vague que constitue le « secret des affaires ». La doctrine, tant belge que française, considère que pareil « secret » ne saurait constituer pour le juge un obstacle s'opposant, de soi, à la production d'un document dont la communication paraît nécessaire à la solution du litige (43).

3° *Le secret des correspondances ?*

Plusieurs auteurs considèrent que le secret des lettres que garantit l'article 22 de la Constitution constituerait une exception péremptoire à la production de toute lettre missive qui serait ordonnée par le juge civil sur base des articles 877 et ss. du Code judiciaire (44).

---

(42) *Ibid., J. T.*, 1979, p. 376, n° 14.
(43) Kohl, *Procès civil et sincérité*, p. 117, p. 121 et 122; Daigre, p. 227 — V. aussi Président trib. commerce de Liège, 3 février 1978, *Jur. comm. Belgique*, 1980, p. 387 et la note fort documentée de M. Daniel Dessard.
(44) Kohl, *op. cit.*, p. 114 et 120; Rasir, *op. cit.*, p. 141.