UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAZARE KAPLAN INTERNATIONAL INC.,

       Plaintiff,

  -against-

KBC BANK N.V. and ANTWERP DIAMOND BANK N.V.,

       Defendants.

Civil Action No.: 11-CV-9490 (ALC)

**DECLARATION OF RICHARD A. MARTIN IN OPPOSITION TO PLAINTIFF'S MOTION**

I, **Richard A. Martin**, pursuant to 28 U.S.C. § 1746, declare as follows:

  1. I am a partner in the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys for defendant KBC Bank N.V. ("KBC") in the above-captioned matter. I respectfully submit this Declaration in Opposition to Plaintiff Lazare Kaplan International, Inc.'s ("Lazare") Motion Requesting That The Court Conduct An *In Camera* Review Of Certain Of KBC's Recalled Documents And To Compel KBC To Produce Such Documents Without Privilege Redactions And/Or "Confidential" Designations ("Lazare's Motion").

  2. In response to Lazare's document requests in this matter, KBC has produced over 5,700 pages of documentation. I understand that Antwerp Diamond Bank N.V. ("Antwerp Bank," and together with KBC, "Defendants") has produced in excess of 70,000 pages of responsive documents.

  3. In making its production, KBC inadvertently disclosed some documents containing information protected from disclosure by the attorney-client privilege and work-product doctrine, which KBC promptly recalled upon learning of the inadvertent disclosure.

At the January 30, 2014 status conference in this matter, KBC informed the Court of this recall. A true and correct copy of the transcript of that hearing is attached hereto as **Exhibit A**.

4. On February 21, 2014, KBC produced a substitute set of documents containing additional privilege redactions, and on February 28 and March 3, 2014, served initial and supplemental privilege logs identifying 107 documents withheld or redacted on the basis of privilege.

5. On March 25, 2014, Lazare filed a motion challenging the sufficiency of KBC's privilege logs and certain assertions of privilege made by KBC with respect to information contained in the substitute documents that were produced on February 21. Lazare's motion also challenges KBC's designation of certain documents as "Confidential" pursuant to the terms of the Protective Order in this matter, despite the fact that Lazare has designated substantially similar categories of its own documents as "Confidential" pursuant to the Protective Order. For example, Lazare designated each and every one of its internal email communications as "Confidential."

6. On March 31, 2014, the Court directed the parties to meet and confer regarding the alleged deficiencies in KBC's privilege logs. Following entry of the Court's order, KBC provided Lazare with a partial revised privilege log setting forth additional information concerning the documents that are the subject of Lazare's Motion. A true and correct copy of this log is attached hereto as **Exhibit B**.

7. Thereafter, on April 15 and 22, 2014, the parties met and conferred in accordance with the Court's March 31 order. During these discussions, KBC's counsel explained the basis for its assertions of privilege and confidentiality with respect to the documents that are the

subject of Lazare's Motion. At the close of discussions, Lazare had no further questions regarding KBC's privilege logs but declined to withdraw any of its claims.

8. During the course of the events described above, upon the request of KBC, the Court ordered Lazare to disclose to KBC certain information concerning Lazare's use of documents produced by KBC in this matter and marked "Confidential," particularly with respect to Lazare's disclosure of such documents to the attorneys representing Lazare in ongoing proceedings in Belgium. By email dated March 25, 2014, Lazare's counsel confirmed that Lazare had delivered all documents produced by KBC in this matter to its counsel in Belgium. On April 4, 2014, Lazare's counsel confirmed by email that the same was true for every document produced by Antwerp Bank in this matter. True and correct copies of those emails are attached hereto as **Exhibits C** and **D**, respectively.

9. During the "meet and confer" discussion noted above, counsel for Lazare stated that so far as he was aware, Lazare had continued through April 22, 2014 to send all of the Defendants' documents marked as "Confidential" to Lazare's Belgian counsel. Lazare's counsel also confirmed that its production was virtually complete. It further confirmed that it had nothing to add or change in the statements set forth in its March 25 and April 4 emails, including the statements regarding the purpose of its disclosures to its Belgian counsel.

10. Based on the information in the emails referred to above, KBC learned that Lazare's Belgian counsel, Francine Wachsstock, Esq., was in possession of at least some of Defendants' documents—marked "Confidential" and prohibited from use outside of this action—when she submitted a brief to the court presiding over the proceeding in Belgium, arguing that Antwerp Bank should be required to produce in that action all of the documents it had produced for the purposes of venue discovery in New York. Attached to that brief was a

letter dated December 4, 2013, from Lazare's U.S. Counsel, Christopher J. Sullivan, Esq., to Ms. Wachsstock, in which Mr. Sullivan provided an assessment of Defendants' productions in this matter to date and suggested that Lazare could "make use in Antwerp" of the documents Defendants produced here if the Belgian court ordered their production. A true and correct copy of that letter is attached hereto as **Exhibit E**.

11. KBC believes that Lazare's misuse of KBC's production, as evidenced in the foregoing, calls into question Lazare's compliance with the Protective Order. Counsel for the parties continue to confer on this subject and the possible remedies requested by KBC and Antwerp Bank.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 24, 2014
　　　　New York, New York

_____
Richard A. Martin, Esq.