# EXHIBIT D

**Pickel, Matthew**

| | |
|---|---|
| **From:** | D'Angelo, Jason [JDAngelo@herrick.com] |
| **Sent:** | Friday, April 04, 2014 5:59 PM |
| **To:** | Bicks, Peter A.; Martin, Richard A.; Smaylovsky, Philipp; Pickel, Matthew; hgredd@lswlaw.com; Patrick Garlinger (pgarlinger@lswlaw.com) |
| **Cc:** | Sullivan, Christopher; Meltzer, Bryan |
| **Subject:** | RE: Lazare's Response Pursuant To The Court's March 10, 2014 Order |

Counsel,

It is Lazare's position that my below email dated March 25, 2014, fully and completely answers the questions, relating to KBC Bank N.V.'s documents produced and labeled "Confidential" in this action, that the Court directed Lazare to answer in its March 10, 2014 Order. During the March 31, 2014 meet and confer, counsel for Defendants demanded that Lazare answer the same questions with respect to documents that Antwerp Diamond Bank N.V. ("ADB") produced and labeled "Confidential" in this Action. In the spirit of compromise, and to avoid burdening the Court with this non-issue, Lazare provides the following information regarding documents produced by ADB in this action. Lazare provides the below information without waiver of attorney-client privilege or the protections of the work product doctrine.

With one exception, all of Lazare's prior responses relating to KBC's documents are applicable to ADB's documents produced through April 2, 2014. The exception may be the specific dates that documents were provided. Given that Lazare provided all such documents to its Belgian Counsel, we have not undertaken to determine the specific dates that Lazare provided such documents. To the extent that you believe such information is necessary, we are happy to meet and confer with you.

In addition, counsel for KBC has requested that Lazare provide information regarding Lazare's Belgian Counsel's treatment of KBC's recalled documents (the "Recalled Documents"). Again, in the spirit of compromise, Lazare provides the following information without waiver of attorney-client privilege or the protections of the work product doctrine.

KBC first requested the recall of its Recalled Documents on January 28, 2014. On January 29, 2014, Lazare's U.S. Counsel directed Lazare's Belgian Counsel to secure the Recalled Documents in their possession. Out of an abundance of caution, we further inquired as to whether Lazare's Belgian Counsel had provided the Recalled Documents to anyone, although our understanding was that they had not. Lazare's Belgian Counsel confirmed our understanding.

On January 30, 2014, Judge Carter ordered Lazare not to keep the Recalled Documents (but allowed Lazare to provide them to the Court for safe keeping). On January 31, 2014, Lazare's U.S. Counsel directed Lazare's Belgian Counsel to destroy all copies (hard and electronic) of such documents.

At the parties February 21, 2014 meet and confer, counsel for KBC expressed his opinion that the mere fact that Lazare's Belgian Counsel had seen some of KBC's documents was a violation of the Protective Order. Again, although we disagree with KBC's Counsel's position, out of an abundance of caution, we again reminded Lazare's Belgian Counsel of its obligations relating to the Recalled Documents, despite our understanding that Lazare's Belgian Counsel had already complied with our prior instructions to destroy the Recalled Documents. Lazare's Belgian Counsel has confirmed that they have used their best efforts to secure and destroy all copies (electronic and hardcopy) of the Recalled Documents, and that to the best of their knowledge they do not possess any of those Recalled Documents.

Finally, and as we mentioned during our meet and confer on Monday, given Defendants position that the Protective Order prohibits the parties from sharing with their respective Belgian counsel "Confidential Information" produced in this action, we again ask that Defendants state in writing whether they have provided any of Lazare's "Confidential Information" to Defendants' Belgian Counsel. We further request that Defendants state in writing whether any of Defendants' directors, officers or employees have provided any of Lazare's "Confidential Information" to their own counsel. Although not meant as an exhaustive list, inquiries should be made regarding the provision of Lazare's "Confidential" designated documents to:

1) Bob Delbaere, or others at the firm, MDP-Advocaten;
2) Joost Verlinden, or others at the firm, Linklaters;
3) Johan Verbist & Beatrix Vanlerberghe, or others at the firm, Omega Law;
4) Filiep Deruyck & Frank Vandewalle, or others at the firm, Antaxius Advocaten
5) Professionals at the Eubelius law firm; and
6) Professionals at the firm Dubois, Verlinden, Wauman.

If Defendants and/or their directors, officers or employees have provided any of Lazare's "Confidential Information," please provide: (a) the names of the individuals to whom such "Confidential Information" was provided; (b) the dates such disclosures took place and the means by which the disclosures were made; (c) the purpose of such disclosures; and (d) the manner in which the information designated by Lazare as "Confidential" was used.

Please let us know if your clients are willing to provide this information and, if so, when we can expect to receive it.

Regards,

Jason D'Angelo
Herrick, Feinstein LLP
Partner

+1 212 592 5911 Work
(917) 541-4843 Mobile
+1 212 545 2335 Fax
JDAngelo@herrick.com
2 Park Avenue
New York, NY 10016-9301

---

**From:** D'Angelo, Jason
**Sent:** Tuesday, March 25, 2014 9:27 PM
**To:** Bicks, Peter A.; Martin, Richard A.; 'Smaylovsky, Philipp'; Pickel, Matthew
**Cc:** Sullivan, Christopher; Meltzer, Bryan
**Subject:** Lazare's Response Pursuant To The Court's March 10, 2014 Order

Counsel,

In accordance with the Court's March 10, 2014 Order, Lazare Kaplan International Inc. ("Lazare") provides the following information regarding documents produced and labeled as "Confidential" by KBC Bank N.V. ("KBC") in this Action.

**Individuals To Whom KBC's Documents Labeled as "Confidential" Were Provided**

Lazare provided documents produced and labeled as "Confidential" by KBC in this Action to Lazare's Belgian counsel, Francine Wachsstock and Philippe Scharf (of Wachsstock & Scharf BVBA), and Hans Rieder, Eline Tritsmans, and Louis De Groote (of Rieder & Verdonck) (collectively, "Lazare's Belgian Counsel").

**Dates Such Disclosures Took Place And Means By Which The Disclosures Were Made**

Since September 2013, Lazare believes it cumulatively provided to Lazare's Belgian Counsel all documents produced and labeled as "Confidential" by KBC in this Action. The means by which Lazare provided those documents to its Belgian Counsel were electronic and hard copy. Given that Lazare provided such documents to its Belgian Counsel over a period of six months (including during in person discussions between Lazare and Lazare's Belgian Counsel), Lazare does not have a precise log of each date that it provided such documents to its Belgian Counsel. Lazare can confirm, however, that it provided documents to its Belgian Counsel on the following dates via email: 10-02-13; 01-05-14; 01-25-14; 01-26-14; 01-28-14; 03-05-14; 03-16-14; 03-17-14; 03-23-14; 03-24-14.

**The Purpose Of Such Disclosures**

Lazare provided documents produced and labeled as "Confidential" by KBC in this Action to Lazare's Belgian Counsel so that Lazare's Belgian Counsel could assist in assessing the accuracy of the allegations contained in the RICO Complaint (including by translating and interpreting documents), and providing expertise on Belgian rules, laws and regulations as they relate to KBC's document production (including purported Belgian privacy laws as raised by KBC).

**Manner In Which The Information Designated By KBC As "Confidential" Was Used**

Lazare's Belgian Counsel reviewed the documents produced and labeled as "Confidential" by KBC in this Action for the purposes described above. Lazare's Belgian Counsel has not used documents produced and labeled as "Confidential" by KBC in this Action outside of their use of such documents as described above in connection with the present Action.

Regards,

Jason D'Angelo
Herrick, Feinstein LLP
Partner

+1 212 592 5911 Work
(917) 541-4843 Mobile
+1 212 545 2335 Fax
JDAngelo@herrick.com
2 Park Avenue
New York, NY 10016-9301

3

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and delete the original and any copies. To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (and its attachments), unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.