UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

LAZARE KAPLAN INTERNATIONAL INC.,

          Plaintiff,

    -against-

KBC BANK N.V. and ANTWERP DIAMOND BANK N.V.,

          Defendants.

Civil Action No. 11 CIV 9490 (ALC)

**DECLARATION OF DIRK DULLAERT**

-------------------------------------------------------------

I, Dirk Dullaert, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Senior Vice President and the Head of International Relations at Antwerp Diamond Bank N.V. ("Antwerp Diamond Bank"). I submit this declaration in support of KBC Bank N.V.'s Opposition to Lazare Kaplan International Inc.'s ("Lazare") Motion Requesting that the Court Conduct an *in camera* Review of Certain of KBC's Recalled Documents and to Compel KBC to Produce Such Documents Without Privilege Redactions and/or "Confidential" Designations. Unless otherwise stated, the following is based on my firsthand knowledge.

2. From May 2009 to May 2010, I served as Vice President - Global Relationship Management at Antwerp Diamond Bank. In that capacity, I was the principal draftsperson of a nine-page credit memorandum (the "December 1, 2009 Credit Memorandum") that was prepared in order to provide information and advice to the credit committees with authority to determine Antwerp Diamond Bank's course of action regarding Lazare's outstanding debt to the bank.

3. I drafted the text that appears on pages 1, 2, 5, 8 and 9 of the December 1, 2009 Memorandum. In addition, I gathered information from other departments at Antwerp Bank and inserted that information on pages 3, 4, 6 and 7 of December 1, 2009 Memorandum.



1

4. I have been advised that a redacted version of the second page of the December 1, 2009 Credit Memorandum is attached as Exhibit A to the Declaration of Christopher Sullivan, dated March 25, 2014 (the "Sullivan Declaration"), and that the same page appears again, along with the first page of the memorandum, as Exhibit F to the Sullivan Declaration.

5. I have reviewed an unredacted version of the December 1, 2009 Credit Memorandum and can attest that the redacted portion of the second page (the "Redacted Portion") reflects information and advice that Antwerp Diamond Bank received from its outside U.S. counsel, Cullen and Dykman LLP, in connection with a joint legal strategy being pursued by Antwerp Diamond Bank and Lazare's other lenders (Bank Leumi U.S.A. and ABN Amro Bank N.V.) to work out Lazare's outstanding debt and forestall a possible bankruptcy filing by Lazare.

6. To the best of my recollection and belief, I received the information and advice reflected in the Redacted Portion in a conference call with Antwerp Diamond Bank's outside U.S. counsel and Veerle Snyers, Antwerp Bank's Legal Manager of Credits. It was my understanding that the information and advice reflected in the Redacted Portion was privileged and confidential, and that its dissemination was to be restricted to those who were participating in the decision-making process concerning the handling of Lazare's outstanding debt.

7. I included the information and advice reflected in the Redacted Portion because: (a) the recipients of the December 1, 2009 Credit Memorandum were among those participating in the decision-making process concerning the handling of Lazare's outstanding debt; (b) I considered the information and advice reflected in the Redacted Portion to be necessary for prudent decision making concerning the handling of Lazare's outstanding debt; and (c) review of such memoranda typically was limited to the members of the relevant credit committees and other specifically authorized persons.

2

8. I have reviewed the full and unredacted version of the December 1, 2009 Credit Memorandum and can attest that: (a) the document was not intended for review other than by the relevant credit committees and others who were involved in the process of determining how to address Lazare's outstanding debt; (b) if the document were to be publicly disclosed, even in redacted form, it would reveal commercially sensitive information regarding Antwerp Bank's internal processes, methodologies, and deliberations related to the bank's proprietary risk assessment model, its internal reporting mechanisms, its assessments of customer creditworthiness, and its strategies for dealing with special risk files; and (c) if the document were to be publicly disclosed in unredacted form, it would further reveal communications with counsel and other banks that were intended to be privileged and confidential.

9. I can further observe that the prejudice outlined above would not be mitigated by permitting public disclosure of only the first two pages of the December 1, 2009 Credit Memorandum that are attached to the Sullivan Declaration. To the contrary, disclosure of only an excerpt of the memorandum would leave the reader with an incomplete and therefore misleading impression of what the relevant credit committees considered in determining how to deal with Lazare's outstanding debt.

10. For the convenience of the Court, the 9-page version of the redacted December 1, 2009 Credit Memorandum, as it was produced by KBC in this action, will be attached as Exhibit A to a copy of this Declaration to be filed under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my recollection and belief.

Executed on April 23, 2014

_____
Dirk Dullaert

# EXHIBIT A

- **Document Filed Under Seal -**