UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAZARE KAPLAN INTERNATIONAL INC.,

                Plaintiff,

-against-

KBC BANK N.V. and ANTWERP DIAMOND BANK N.V.,

                Defendants.

Civil Action No.: 11-CV-9490(ALC)(JCF)

**SUR-REPLY DECLARATION OF FILIEP DERUYCK**

---

I, Prof. Dr. Filiep Deruyck, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am an attorney licensed to practice law in Belgium and am of counsel at the law firm Antaxius Advocaten, Amerikalei 122 b. 3, 2000 Antwerp, Belgium. I am master of law (Free University of Brussels, 1988, *summa cum laude*) and hold a Ph.D. degree (Free University of Brussels, 1996). I am a professor at the Free University of Brussels, Faculty of Law and Criminology, and am chairman of the Department of Criminal Law and Criminal Procedure. I teach courses in Criminal Law, Criminal Procedure and Economic and Financial Criminal Law. I am the author of several books, numerous articles in professional journals, and contributions in professional monographs. In addition to my academic activities, I have over 18 years of experience in private practice, specializing in Belgian criminal law and procedure and, more specifically, economic and financial criminal cases. Attached hereto as **Exhibit A** is a true and correct copy of my CV.

    2.    I have been retained, together with Bob Delbaere, Esq., by Antwerp Diamond Bank N.V. ("Antwerp Bank") to advise and represent the bank, as necessary, in connection with

accusations of criminal misconduct leveled by Lazare Kaplan International, Inc. ("Lazare") in submissions to civil and criminal courts in Antwerp. I submit this declaration in Opposition to Lazare's Motion Requesting that the Court Conduct an *in camera* Review of Certain of KBC's Recalled Documents and to Compel KBC to Produce Such Documents Without Privilege Redactions and/or "Confidential" Designations. Except as otherwise noted, I have first-hand knowledge of the facts stated herein.

███████████████████████████████████████████████████████████████

3. ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████

4. ███████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████

5. █████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████.

6. ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████

7. ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████"

8.  ███████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████.

9.  ███████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███p,
███████████████████████████████████████████████ ██████
███████████████ █████████████████████████████████████ █
███████████████████████████████████████████████████████
████████████████████████.

10. ███████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████.

11. ████████████████████████████

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
██████████.

### Lazare's Accusations and Legal Theories Have Been Rejected By Belgian Authorities

12. My views concerning Lazare's factual allegations and legal theories are shared by the Belgian authorities, which reviewed and assessed the merits (or lack of merit) of Lazare's accusations. As described in more detail below, Lazare's accusations of criminal conduct and its legal theories have been resoundingly rejected by the Office of the Public Prosecutor in Antwerp.

13. In Belgium, prosecutions for violations of most criminal statutes fall within the jurisdiction of the Public Prosecutor (*procureur du roi*) for the relevant judicial district. Although private individuals may institute criminal or related civil proceedings by filing complaints with the criminal courts and investigative magistrates, the Public Prosecutor has to assess the merits of such complaints and either agree with the claims and pursue them, or disagree and seek acquittal, as was the case here. The Public Prosecutor addresses his formal recommendation to the judicial authorities, based on his findings and conclusions. This is

indeed the sole privilege and responsibility of the Public Prosecutor, even in cases in which a private person has initiated the criminal procedure.

14. On March 21, 2013, Lazare filed a summons instituting a private criminal action in the Antwerp Criminal Court against Antwerp Bank (the "First Antwerp Criminal Complaint"), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In this First Antwerp Criminal Complaint, Lazare accused Antwerp Bank of committing abuse of trust, fraud, and money laundering. The First Antwerp Criminal Complaint was filed by Lazare directly with the Criminal Court.

15. The very next day, March 22, 2013, Lazare filed a criminal complaint with an investigating magistrate in Antwerp (the "Second Antwerp Criminal Complaint") asserting damages from alleged criminal activity by Antwerp Bank, and requesting an investigation of Lazare's claims through, among other things, on-site searches at Antwerp Bank's headquarters and the homes of its executives to confiscate all files and communications related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In this Second Antwerp Criminal Complaint, Lazare accused Antwerp Bank of committing private bribery. The Second Antwerp Criminal Complaint was filed by Lazare not directly with the Criminal Court, but with an investigating magistrate. The Public Prosecutor thereafter brought this Second Antwerp Criminal Complaint before the Antwerp Council Chamber, which is an investigative department of the Court that is required to determine whether or not to refer the matter to the Criminal Court.

16.     On April 19, 2013, the Public Prosecutor's Office filed a written submission in the Antwerp Criminal Court explaining the basis of the Public Prosecutor's formal recommendation of acquittal with respect to all accusations of criminal conduct Lazare had leveled at Antwerp Bank in the First Antwerp Criminal Complaint. The Public Prosecutor, acting in his official capacity as an ***independent and impartial*** authority, stated that Lazare had filed "a provocative and reckless complaint which contains defamatory allegations." Among other things, the Prosecutor dismissed Lazare's accusations as "bizarre" and noted that Lazare's factual allegations did not "make sense." In concluding that acquittal was warranted, the Prosecutor characterized the First Antwerp Criminal Complaint as "an abuse of procedure" by Lazare, designed solely to avoid "pay[ing] back the monies" it owed to Antwerp Bank. As noted above, the Prosecutor also observed that Lazare's claim against Antwerp Bank was flawed because it had never sought to bring any criminal action against its former joint venture partner, whom it repeatedly accused of having stolen Lazare's property. Finally, the Public Prosecutor also observed that the First Antwerp Criminal Complaint was subject to dismissal on procedural grounds because it alleged crimes that the Antwerp Criminal Court was not competent to hear. Attached hereto as **Exhibit B** is a certified translation of the Public Prosecutor's opinion.

17.     On April 19, 2013, the Public Prosecutor also filed a formal recommendation regarding the Second Antwerp Criminal Complaint in the Antwerp Council Chamber. In that filing, the Prosecutor recommended dismissal of the complaint for lack of standing because Lazare did not suffer from alleged criminal activity. The Prosecutor, again acting in his official capacity as an ***independent and impartial*** authority, stated (among other things) that Lazare had instituted the action to seek "far-reaching investigative measures (such as house searches of

natural persons and legal entities)" into alleged criminal conduct by Antwerp Bank "for which [Lazare] provides no proof of interest...." In concluding that Lazare's action should be invalidated, the Prosecutor characterized Lazare's claims of criminal misconduct as "implausible," "far-fetched," and "a matter of pure speculation." According to the Prosecutor, Lazare's institution of the action and demand for intrusive investigation was "an abuse of Belgian criminal procedure law, a pure fishing expedition, with no other reason than, on the one hand, to gather evidence for its American procedures, and on the other hand, to slow down the pending commercial case before the Antwerp Court of Commerce between itself and [Antwerp Bank] as much as possible." Attached hereto as **Exhibit C** is a certified translation of the Public Prosecutor's opinion.

18. On May 3 and June 3, 2013, Lazare submitted additional filings to the Antwerp Criminal Court in connection with the First Antwerp Criminal Complaint. In these filings, Lazare objected to the Prosecutor's April 19 opinion recommending acquittal of Antwerp Bank on all counts of criminal conduct alleged by Lazare. Lazare even went so far as to accuse the Prosecutor's office of acting with malice and partiality, calling the Prosecutor's views on the merits of Lazare's accusations "more than scandalous," "filthy," and "in bad faith." Both filings were submitted by Mr. Rieder, acting as Lazare's counsel. I have also been made aware by my co-counsel, Mr. Delbaere, that Lazare—again acting through Mr. Rieder—brought actions against individual judges of the Antwerp Court as well as the entire Antwerp Commercial Court. Those actions have been dismissed by Belgium's highest court.

19. In a subsequent filing entitled "Conclusion of the Public Prosecution Service," dated June 13, 2013, and responding to the assertions in Lazare's submissions dated May 3 and

June 3, 2013, the Public Prosecutor again recommended dismissal of Lazare's First Antwerp Criminal Complaint. The Prosecutor stated that Lazare's claims, as before, were "built . . . from the absurd" and amounted to no more than Lazare trying to "artificially . . . create a deliberate act of conspiracy" by Antwerp Bank. The Prosecutor's Conclusion also described continuing tactics of delay and gamesmanship by Lazare, noting for example Lazare's "pattern" of "not comment[ing] on everything in its initial conclusions, in order to then formulate new arguments only in its final conclusion, to which the opposing party then has to respond and the case once again needs to be postponed." Attached hereto as **Exhibit D** is a certified translation of the June 13, 2013 Conclusion of the Public Prosecution Service.

20. The First Antwerp Criminal Complaint was dismissed on the procedural grounds specified by the Public Prosecutor, and Lazare's appeal of that ruling is scheduled to be heard on May 21, 2014. With respect to the Second Antwerp Criminal Complaint, the Attorney General has requested dismissal of the Complaint based on lack of standing, and that request is scheduled to be heard on May 26, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 20, 2014
       Antwerp, Belgium

_____
Filiep Deruyck

9