**Schulte Roth&Zabel** LLP

1152 Fifteenth Street, NW, Suite 850
Washington, DC 20005
202.729.7470
202.730.4520 fax

www.srz.com

Adam Hoffinger                                                                              Writer's E-mail Address

202.729.7462                                                                               Adam.Hoffinger@srz.com

May 8, 2018

**BY ECF AND E-MAIL**

Honorable Andrew L. Carter, Jr.
United States District Court for
the Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    Lazare Kaplan International Inc. v. KBC Bank N.V., et al., 11 Civ. 9490 (ALC)

Dear Judge Carter:

      We are counsel to Lazare Kaplan International Inc. ("Lazare") in the above-referenced action, and write in response to KBC Bank N.V.'s ("KBC") letter to the Court dated May 4, 2018 (ECF # 279).

      KBC's U.S. counsel continues to make erroneous statements regarding Belgian law and Belgian proceedings without offering the Court any support for its statements, a declaration of a Belgian lawyer, or a citation to Belgian law.  In contrast, where our prior letters to the Court addressed Belgian law and proceedings, Lazare provided support in the form of declarations from Lazare's Belgian counsel and citations to Belgian law (*see* ECF ## 266, 274, 278).  In addressing below KBC's U.S. counsel's latest misstatements regarding Belgian law and Belgian proceedings, we again provide the Court with a declaration from Lazare's Belgian counsel, Dr. Kris Wagner.  *See* Declaration of Dr. Kris Wagner, dated May 8, 2018 ("Wagner Declaration").

      First, KBC's U.S. counsel's reminder to the Court that criminal proceedings against KBC in Belgium were prompted by Lazare filing a complaint there is a red herring.  Indeed, parties to civil proceedings in Belgium often initiate criminal complaints relating to issues that are also raised in their civil proceedings.  *See* Wagner Declaration at ¶ 8.  The fact that Lazare initiated the criminal proceedings against KBC in Belgium is undisputed and irrelevant to the analysis of whether related civil proceedings must be stayed in Belgium pending the results of the criminal investigation into KBC's and ADB's alleged embezzlement of Lazare's diamond sales proceeds.  *See* Wagner Declaration at ¶ 3.

Honorable Andrew L. Carter, Jr.
May 8, 2018
Page 2

Second, KBC's U.S. counsel's attempt to impugn Dr. Wagner's analysis of Belgian law and its application to the Belgian proceedings between KBC and Lazare is unavailing, especially in the absence of a contrary declaration from KBC's own Belgian counsel.  In his April 30, 2018 Declaration, Dr. Wagner explained that "[u]nder Belgian law … when a criminal proceeding is pending with respect to a particular fact (or set of facts), civil litigation relating to the same fact (or set of facts) may not proceed until the criminal proceedings have been terminated …."  ECF # 278 at ¶ 4.  Dr. Wagner clearly explained that "[t]he effect" of this rule is automatic in that it cannot be ignored by the civil court judges once "it is established that the conditions of [the rule] are met."  *Id.* at ¶ 5.  In other words, once it has been established that there is a risk of conflicting factual findings as between the two cases, the civil case must yield to the criminal case, and the civil court does not have discretion to ignore the rule.  *See* Wagner Declaration at ¶¶ 5, 12.  KBC does not, and cannot, dispute this assertion.

Third, KBC's U.S. counsel's suggestion that a Belgian court already refused to stay the civil litigation between KBC and Lazare due to this criminal investigation (ECF # 279 at 2) is false.  To begin with, the case to which KBC's U.S. counsel refers involved an entirely different criminal investigation pending before a Judge of Instruction of the Antwerp Court of First Instance against *another entity* (*i.e.*, not KBC or ADB).  *See* Wagner Declaration at ¶ 9.  Lazare is not a party to that criminal investigation and is not privy to the issues being investigated in connection with that criminal matter other than what is available from public records.  In its judgment the Belgian court decided not to apply Article 4 as the court lacked information about the content of the criminal investigation as well as its connection with the pending civil claim.  As KBC is well aware, the criminal investigation Lazare refers to in this and its prior letter to this Court is an entirely different criminal investigation pending before a Judge of Instruction of the Brussels Court of First Instance, which was commenced as a result of a criminal complaint filed by Lazare as a civil party, in which the criminal target is KBC, and which is currently being investigated by Belgian criminal authorities.  *See id.*  Moreover, the Belgian court itself explained, when it did not stay the civil proceedings based on that particular criminal investigation, that "[t]he application of Article 4 of the First Chapter of the Belgian Code of Criminal Procedure requires that the criminal investigation has been made pending either because the public prosecutor took the initiative to open a criminal investigation, or because the alleged victim filed a complaint as a civil party."  *See* Wagner Declaration at ¶ 7.  Thus, the very Belgian court ruling KBC's U.S. counsel relies on makes clear that Article 4 is applicable to and would result in a stay of any civil proceedings between Lazare and KBC involving the same set of facts at issue in the criminal investigation (*i.e.*, KBC's and ADB's embezzlement of Lazare's diamond sales proceeds).  *See* Wagner Declaration at ¶ 11.

With respect to the criminal investigation actually raised by Lazare in its prior letter and at issue here, Chief Inspector Van de Gucht's March 28, 2018 letter clearly establishes the existence of an ongoing criminal investigation into KBC's and ADB's embezzlement of Lazare's diamond sales proceeds.  *See* Wagner Declaration at ¶ 9.  Given the factual issues surrounding the civil dispute between Lazare and KBC (as also set forth in the First Amended Complaint), it is apparent that there is a risk of conflicting factual findings between the criminal case against

Honorable Andrew L. Carter, Jr.
May 8, 2018
Page 3

KBC pending in Belgium and any civil litigation relating to the present dispute between Lazare and KBC. *See* Wagner Declaration at ¶¶ 5, 11. As a result, applicable Belgian law requires the stay of any such civil litigation in Belgium. In other words, if this Court were to require Lazare to litigate its claims against KBC (including as successor in interest to ADB) in Belgium, that civil case would be stayed in Belgium and LKI will have no forum at all to pursue its civil claims against KBC. *See* Wagner Declaration at ¶¶ 11-12; ECF # 278 at ¶ 10.

Fourth, KBC's complaint that Lazare did not raise this issue in its memorandum of law in opposition to KBC's motion to dismiss should be disregarded. Although Lazare was aware at the time it filed its opposition papers that it had initiated a criminal complaint against KBC in 2016, Lazare could not, at that time, provide any proof to this Court that the criminal investigation against KBC relating to KBC's and ADB's embezzlement of Lazare's diamond sales proceeds was pursued by Belgian criminal authorities, and disclosing the existence of the criminal investigation of KBC at that time could have interfered in the investigative measures by the Belgian criminal authorities.[1]  *See* Wagner Declaration at ¶ 13.

Because the Belgian criminal investigation into KBC's embezzlement of LKI diamond sales proceeds renders the Antwerp Courts "presently unavailable" (and thus not appropriate fora for Lazare's claims against KBC), this Court should deny KBC's motion to dismiss and decide that the only proper and available forum is this Court.

Respectfully submitted,

  /s/ Adam S. Hoffinger
Adam Hoffinger

Enclosures

cc:    All Counsel of Record (*via ECF and E-mail*)

---

[1] As KBC concedes, Lazare raised in its opposition papers the inadequacy of the Belgian courts to hear the dispute between Lazare and KBC, and Lazare will be challenging in the appropriate forum the lack of impartiality of the Belgian courts with respect to KBC's pending lawsuit against Lazare in Belgium.