## Schulte Roth & Zabel LLP

1152 Fifteenth Street, NW, Suite 850
Washington, DC 20005
202.729.7470
202.730.4520 fax

www.srz.com

Adam Hoffinger

202.729.7462

Writer's E-mail Address

Adam.Hoffinger@srz.com

May 30, 2018

**BY ECF AND E-MAIL**

Honorable Andrew L. Carter, Jr.
United States District Court for the Southern
District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    <u>Lazare Kaplan International Inc. v. KBC Bank N.V., et al., 11 Civ. 9490 (ALC)</u>

Dear Judge Carter:

      We are counsel to Lazare Kaplan International Inc. ("Lazare") in the above-referenced action, and write to provide Your Honor with newly discovered evidence: (1) further demonstrating that *the Antwerp Courts are not presently available* to adjudicate Lazare's claims against KBC Bank N.V. ("KBC"); (2) demonstrating that KBC, despite repeated promises to this Court and Lazare, *failed to preserve the most critical documents* relevant to Lazare's claims in this action; and (3) demonstrating that KBC failed to produce additional critical documents responsive to Lazare's discovery requests central to the issues before the Court in connection with the *New Moon* hearing and the Court's subsequent Findings of Fact (ECF # 227).

      On May 22, 2018, in connection with the previously disclosed Belgian criminal investigation relating to KBC's and Antwerp Diamond Bank N.V.'s ("ADB") alleged embezzlement of Lazare's diamond sales proceeds, Lazare was given access to certain files collected by the Belgian criminal authorities.  Declaration of Dr. Kris Wagner, dated May 29, 2018 ("Wagner Decl.") at ¶ 2.  Among those files are several documents pertinent here, and addressed below.

### 1.   <u>The Antwerp Courts Are Not Presently Available</u>

      As this Court previously recognized, "[t]he defendant bears the burden of establishing that a *presently available* and adequate alternative forum exists," and that "[a] forum may ... be

Honorable Andrew L. Carter, Jr.

May 30, 2018

Page 2


inadequate if … *the forum is not presently available* …." *Lazare Kaplan Intern., Inc. v. KBC Bank N.V.*, No. 11 Civ. 9490(ALC), 2012 WL 3854618, at *5 (S.D.N.Y. Sept. 5, 2005) (emphasis added).[1]  Moreover, as the Court is now aware, when a criminal proceeding is pending in Belgium with respect to certain facts, civil litigation in Belgium relating to the same facts may not proceed until the criminal proceeding has been terminated.  ECF # 278 at ¶ 4 (discussing Article 4 of the First Chapter of the Belgian Code of Criminal Procedure ("Article 4")).  Lazare previously provided the Court a copy of Chief Inspector Van de Gucht's March 28, 2018 letter that clearly establishes the existence of an ongoing criminal investigation into KBC's and ADB's alleged embezzlement of Lazare's diamond sales proceeds (the same diamond sales proceeds at issue in Lazare's First Amended Complaint).  *See* ECF ## 273-3, 273-4.  As a result, the Antwerp Courts are presently unavailable to adjudicate Lazare's claims against KBC (including as successor in interest to ADB) as set forth in the First Amended Complaint.

As demonstrated in Lazare's prior letters, the above is sufficient to establish that KBC has failed to meet its burden to demonstrate that the Antwerp Courts are adequate alternative fora for Lazare's claims.  *See United States v. Barry Fischer Law Firm*, No. 10 Civ. 7997, 2012 WL 591396, at * 5 (S.D.N.Y. Feb. 23, 2012) (recognizing that where civil claims cannot proceed in a proposed forum until after termination of criminal proceedings in that forum, the forum is not an adequate alternative forum for such civil claims).

Lazare, however, is now legally in possession of five newly discovered documents that further reinforce this fact.  The five documents are reports, respectively dated February 7, 2018, February 16, 2018, March 30, 2018, April 6, 2018, and April 27, 2018 from the detectives involved in the criminal investigation of KBC and ADB in Belgium.  *See* Wagner Decl. Exs. 1-10.[2]  Even a cursory review of these reports makes clear that the facts at issue in the Belgian

---

[1] *See also Dixhuit v. Pruco Life Ins. Co. of New Jersey*, No. 14–CV–2165 (VEC), 2014 WL 4230586, at *7 (S.D.N.Y. Aug. 27, 2014) (same; and noting that "[i]mplicit in a finding that an adequate alternative forum exists is a finding that the foreign jurisdiction *is as presently capable* of hearing the merits of plaintiff's claim, and therefore as convenient to the parties, as the United States court where the case is pending") (emphasis added; internal quotations omitted; citing *Norex Petrol. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 157 (2d Cir. 2005); *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 562-63 (S.D.N.Y. 2018) (recognizing proposed forum must be "presently available" and noting defendant's fatal failure to submit affidavits or other evidence allowing court to determine adequacy of proposed fora); *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 202 (4th Cir. 2009) (recognizing that proposed forum must be "available *at the time of the district court's decision*") (emphasis added).

[2] Out of an abundance of caution, we are filing the April 6 and April 27, 2018 reports under seal as they discuss KBC-4310.  However, it remains Lazare's position that KBC-4310 is no longer entitled to attorney-client privilege protection and thus KBC-4310 (and the aforementioned reports discussing it) should not continue to be maintained under seal.

Honorable Andrew L. Carter, Jr.

May 30, 2018

Page 3

criminal investigation of KBC and ADB are the same facts at issue in Lazare's present action before this Court as set forth in the First Amended Complaint. *Compare* Wagner Decl. at ¶ 14 and Exs. 1-10 *with* Lazare's First Amended Complaint.[3] As a result, it is evident that any civil action brought by Lazare before the Antwerp Courts, based on the facts contained in Lazare's First Amended Complaint, would necessarily be stayed under Article 4 pending resolution of the Belgian criminal investigation of KBC and ADB.

Under these circumstances, the Antwerp Courts clearly are not presently available and thus are not adequate alternative fora to adjudicate Lazare's claims. KBC's motion to dismiss, based on the doctrine of *forum non conveniens* and its proffered forum selection clause, must therefore be denied.

## 2. KBC Failed To Preserve The Most Critical Documents Relevant to Lazare's Claims in This Action

"Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). In March 2010, Lazare sent KBC and ADB a litigation hold notice that covered all records relating to Lazare's relationship with them, which necessarily included records of activity from the year 2009 in ADB's Pooling Account at KBC's New York branch. Moreover, Lazare filed the present action in December 2011, which clearly put KBC and ADB on notice of their duty to preserve account records for ADB's Pooling Account, including for the year 2009.

As the Court is aware, ADB's Pooling Account was essential to the operation of not only Lazare's credit facility, but also served as the U.S. dollar account through which ADB's other

---

[3] Moreover, the April 6 and April 27, 2018 reports discussing the source document for the document previously referenced in our prior letters as "KBC-4310," further suggests that KBC-4310 was, in fact, a communication written in furtherance of a crime, and thus subject to the crime-fraud exception to the attorney-client privilege. *See* Wagner Decl. at Exs. 7-8 (*e.g.*, noting the Belgian criminal authorities' opinion that the contents of KBC-4310 "are to be clarified both by Mr. Guy Snoeks and Mr. Edwin Huyghe" who will be "interrogated" by the Belgian criminal authorities) and Exs. 9-10; *see also Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC*, 242 F.R.D. 248, 250 (S.D.N.Y. 2007) ("crime-fraud exception strips the privilege from attorney-client communications that relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct"); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 Civ. 4978(LMM), 1999 WL 61442, at *4-5 (S.D.N.Y. Feb. 3, 1999) (recognizing that standard to sustain exception is not "overly demanding"). KBC's baseless contention, without elucidation, that KBC-4310 remains a privileged communication (*see* ECF # 279 at 2) should be rejected. This Court should deem the entire unredacted version of KBC-4310 to be part of the record and it should be considered in connection with KBC's pending motion to dismiss.

Honorable Andrew L. Carter, Jr.

May 30, 2018

Page 4

customers' dollar-denominated transactions were processed.  Thus, records of 2009 activity in the ADB Pooling Account are a key piece of evidence as they would demonstrate that the diamond sales proceeds belonging to Lazare were ultimately deposited into ADB's Pooling Account at KBC's New York branch in 2009 as alleged in the First Amended Complaint.[4]

Despite the obvious importance of this evidence, Lazare is now legally in possession of three newly discovered documents that undeniably demonstrate that KBC failed to preserve the 2009 bank account statements for ADB's Pooling Account, and that this information, which is critical to Lazare's claims here, no longer exists.  The newly discovered documents are: (1) a February 7, 2018 email from Atul Nandankar, the Director of IT Applications Support at KBC Bank – New York Branch to Diane Grimmig, the General Counsel and Chief Compliance Officer of KBC; (2) an April 13, 2018 email from Atul Nandankar to Herman Van Hecke, the Chief Legal Advisor of KBC Group NV; and (3) an April 17, 2018 letter from KBC's counsel, Filiep Deruyck, to Mr. P. Gaudius, the Examining Magistrate in charge of the Belgian criminal investigation of KBC.  Wagner Decl. at Exs. 11-14.

Specifically, through the above referenced documents, KBC informed the Belgian criminal authorities (*but not Lazare or this Court*) that, due to corruption of electronic data, the records of all 2009 activity in the ADB Pooling Account are no longer available and "can indeed never again be produced."  *See* Wagner Decl. at Exs. 13-14.  As a result, "[i]t is therefore impossible for LKB and LKI to obtain this information in New York, it no longer exists."  *Id.* Notably, ADB Pooling Account activity for all other years between 2007 and 2014 (except the critical year – 2009) remain available and apparently were not corrupted.  *See* Wagner Decl. at Ex. 12.  Further, on December 13, 2013, KBC produced to Lazare a limited number of 2009 ADB Pooling Account records, but only those that expressly referenced Lazare or its affiliates (*e.g.*, KBC-002230-002237; KBC-002248-002253; KBC-002503-002505).  As a result, the purportedly affected 2009 data for the ADB Pooling Account was most likely "corrupted" after December 2013.

It is unlikely mere coincidence that the ADB Pooling Account records for the year 2009 happen to be missing, especially given that both KBC and ADB would have had copies of such documents/data, and both banks were aware of its critical importance to the present action.[5]

---

[4] And, not coincidentally, the 2009 ADB Pooling Account records are also highly relevant to KBC's alleged illegal activities relating to money laundering and terror financing.  *See* ECF # 264 at 3-5.

[5] As the Court is aware, KBC affirmatively and repeatedly promised Lazare and this Court that KBC would continue to preserve not only its own records, but also the records of ADB.  *See* ECF # 83 at 3 (KBC's counsel stating: "Defendants are aware of their preservation obligations under the Federal Rules, and they commit to taking whatever steps are necessary to ensure that the closing of the NYRO and the sale of Antwerp Bank do not result in the loss of documents that are potentially relevant to this litigation."); *see also* ECF # 141 at 1-2 (KBC's counsel

Honorable Andrew L. Carter, Jr.

May 30, 2018

Page 5


### 3.  <u>KBC Improperly Withheld Critical Documents</u>

Finally, Lazare has legally obtained a copy of an additional report, dated February 16, 2018, from the detectives involved in the criminal investigation of KBC and ADB in Belgium. *See* Wagner Exs. 15-16.  The report describes and attaches several relevant documents that KBC (including as successor in interest to ADB) failed to produce to Lazare in this action, despite the fact that they are clearly responsive to Lazare's document requests in connection with the discovery ordered by this Court.

Specifically, the report references and attaches the Minutes of the Board of Directors of ADB from May 29, 2009, which itself attaches a "Framework Agreement For Credit Provision By Antwerp Diamond Bank NV With Guarantee By KBC Bank NV" (the "Framework Agreement") as approved in that meeting of the Board of Directors.  These documents clearly should have been produced to Lazare.[6]  Moreover, these documents are directly relevant to

---

stating: "Defendants assured Lazare and the Court that they would make provision for the preservation of all potentially relevant documents in, or coming into, Antwerp Bank's possession.  Defendants did just that, and no prejudice to Lazare has ever materialized ….  KBC continues to take all appropriate measures to ensure that its closure and absorption of Antwerp Bank does not result in the loss of any documents potentially relevant to this litigation.").  KBC has broken that promise to the Court and Lazare.  Moreover, at no time did KBC inform Lazare or this Court that relevant documents relating to ADB's Pooling Account had become corrupted or were otherwise no longer available.  In addition, KBC's violation should be viewed in the context of ADB's previously admitted destruction of electronic files of fact witnesses as late as September 2013 (*see, e.g.*, ECF ## 89 at 6-10; 124 at 7-8; 122-5 at 11-12).  Lazare reserves its rights with respect to KBC's conduct.

Further, KBC may have violated U.S. criminal law as well, if it turns out that either or both of the banks purposely failed to preserve records relevant to Lazare's present litigation or a possible U.S. government investigation.  *See* 18 U.S.C. 1512(c) (sanctioning "whoever corruptly … destroys … or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding").  The apparent timing of the loss of 2009 records suggests that the bank's conduct was intentional or at least reckless regarding the 2009 data.  Indeed, KBC may have understood that ADB's Pooling Account at KBC's New York branch was subject to scrutiny under the Hizballah International Financing Prevention Act of 2015 ("HIFPA"), enacted in December 2015, which imposed sanctions for misuse of "Correspondent account[s] or payable-through account[s]" such as ADB's Pooling Account.  *See* HIFPA § 102(a)(1), Pub. L. 114-102, 129 Stat. 2205, 50 U.S.C. § 1701 note (Dec. 18, 2015).  Because KBC and ADB moved large sums of illicit funds through ADB's Pooling Account in 2009, destruction of the 2009 data may have concealed some of the banks' most egregious misuses of the U.S. banking system in case of a government inquiry.

[6] As this Court will recall, the entire purpose of the discovery ordered by this Court, in light of the Second Circuit's instructions, was to determine the banking relationship among KBC, ADB and Lazare.  *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 528 F. App'x 33, 35-36 (2d Cir. 2013); *see also* ECF # 79 at 43:3-10 ("I will grant the majority of the plaintiff's discovery requests, with some limitations.  We will keep out any document production relating to the defendants' relationships with other customers, and other than that, we will have document production related to the relationship between the plaintiff and the defendants amongst each other from the period of time from 2000 to 2002 and from 2006 to 2010").  Indeed, Lazare's discovery requests to KBC and ADB clearly required the production of such documents.  *See, e.g.*, Plaintiff's First Set of Document Requests to Defendant KBC Bank N.V. (ECF # 73) at

Honorable Andrew L. Carter, Jr.

May 30, 2018

Page 6


Lazare's position that KBC exerted full authority over Lazare's credit facility at ADB and that, as a result of this guarantee, KBC had the ultimate credit risk with respect to Lazare's Credit Facility. *See* Wagner Exs. 17-18 (noting, for example, that KBC will "guarantee (and thus bear the risk of) the credits (including excesses thereof) granted by ADB to third parties …").  Indeed, the Framework Agreement, which according to the Minutes of the Board of Directors was adopted and in place at the time that Lazare's credit facility was terminated, contradicts the statement by this Court in its Findings of Fact (made in reliance on the misleading representations by Defendants) that the credit risk was on ADB. *See* ECF # 227 at 4-5.  In fact, pursuant to the Framework Agreement, ADB was obligated to pay KBC a fee for its guarantee. These documents should have been part of the record at the time that Lazare conducted its depositions of KBC and ADB witnesses, and should have been part of the record before the Court in connection with the *New Moon* evidentiary hearing.  As Lazare argued in its motion for sanctions, it appears that KBC once again concealed documents that bear directly on the parties' banking relationship and issues relating to the analysis of the proper forum for Lazare's claims.[7]

For the reasons set forth above and in our prior correspondence, the Court should deny KBC's motion to dismiss as KBC has failed to establish that there is a presently available alternative forum.  In addition, it is clear that further discovery is necessary regarding KBC's improper conduct detailed above and the impact such conduct may have had on the accuracy of the factual record presented to this Court.  Subject to the Court's preference and direction, Lazare is willing to conduct such discovery now or in conjunction with merits discovery.

Respectfully submitted,

___ /s/ Adam S. Hoffinger ___

Adam Hoffinger

Enclosures

cc:     All Counsel of Record (*via ECF and E-mail*)

---

Request # 14 ("All Documents and Communications concerning KBC's rights and responsibilities in connection with the operation of the Credit Facility"); Plaintiff's First Set of Document Requests to Defendant Antwerp Diamond Bank N.V. (ECF # 73) at Request # 25 ("All Documents and Communications concerning any guarantees relating to the Credit Facility …").

[7] See ECF # 241 at 8 ("There is no dispute that Defendants did not mention the Services Agreement or provide a copy of it to the Court during the first round of briefing.").  The Court could have reached a different conclusion with respect to Lazare's motion for sanctions against KBC if the Court had been aware that KBC had not produced yet another document critical to the parties' banking relationship.