# EXHIBIT 1



**Politie**

**FEDERALE GERECHT. POLITIE ARR
BRUSSEL-HOOFDSTAD - 6458
Onderzoeksafdeling 4**
Koningsstraat 202A, Bus 1
1000 Brussel
(T) 02/223.91.97
(F) 02/223.90.40
(Email)
PJFGP.Bru.Dirops@police.belgium.eu

PRO JUSTITIA
# NAVOLGEND PROCES-VERBAAL
**005181/2018** – 07-02-2018
**Notitie BR.70.99.001748/2016**
Dossier Onderzoeksrechter: 113/2016 - Onderzoeksrechter - Brussel (Brussel-Hoofdstad) Dhr Gaudius - 10-11-2016

| | |
|---|---|
| **Bestemmeling(en)** | Onderzoeksrechter - Brussel (Brussel-Hoofdstad) - Dhr Gaudius<br>Andere - FGP BRUSSEL OA4 (kopie) |
| **Onderwerp v.h. PV** | Inlichtingen kredietbeslissingen DDM/KT - aanvraag opdracht |
| **Feiten** | **Misbruik van vertrouwen** plaatsgevonden tussen 01-01-2007 om 00u00 en 31-12-2014 om 23u59<br>**Verduistering en/of opzettelijke vernietiging van gelden, papieren, enz.** plaatsgevonden tussen 01-01-2007 om 00u00 en 31-12-2014 om 23u59<br>**Witwassen** plaatsgevonden tussen 01-01-2007 om 00u00 en 31-12-2014 om 23u59<br>**Diefstal, zonder geweld of bedreiging, zonder verzwarende omstandigheden (Gewone diefstal)** plaatsgevonden tussen 01-01-2007 om 00u00 en 31-12-2014 om 23u59 |
| **Betrokkenen** | **Inzake**<br>**KBC BANK** (NV (Handelsvenn))<br>**ANTWERPSE DIAMANTBANK** (NV (Handelsvenn))<br>**Benadeelden**<br>**LAZARE KAPLAN INTERNATIONAL INC** (Buitenlandse rechtsvorm met rechtspersoonlijkheid)<br>**LAZARE KAPLAN BELGIUM** (NV (Handelsvenn)) |

Toegezonden op  08/02/2018 .                                              Voorbehouden bestemmeling
Geviseerd :
              *C. Link*

Aantal bijlagen :                                                                                    Blz. 1/1

**FEDERALE GERECHT. POLITIE ARR BRUSSEL-HOOFDSTAD - 6458**
**Onderzoeksafdeling 4**
Koningsstraat 202A, Bus 1 - 1000 Brussel

PV nr. 005181/2018
Notitie BR.70.99.001748/2016
(T) 02/223.91.97 - (F) 02/223.90.40

## PRO JUSTITIA

Op woensdag 07-02-2018 om 09u30,

Wij, <u>VAN DE GUCHT</u> ANDRE, rechercheur, Officier van Gerechtelijke Politie, <u>STINKENS</u> ELLEN, rechercheur, Officier van Gerechtelijke Politie,

brengen volgende inlichtingen ter kennis aan uw ambt,

## REFERTES

Dossier **113/2016** - Onderzoeksrechter <u>GAUDIUS</u> te <u>BRUSSEL</u>
Notitienummer **BR.70.99.001748/2016** - Parket <u>BRUSSEL</u>
Proces-verbaal **45204/2017** dd. 20/11/2017

---

## INLICHTINGEN

▫ Onder proces-verbaal 45204/2017 hebben wij een bespreking gemaakt van briefwisseling aan DD Management en KT Collection, documenten die werden aangetroffen in de map 'map 36' met de vermelding **'Group DD/KT'**. Deze map werd in beslag genomen in de kantoren van KBC Antwerpen/BC Diamant (zie proces-verbaal 27139/2017).
Tevens werden onder dat proces-verbaal documenten geanalyseerd die aan te treffen zijn op de USB-stick 'BALIE BRUSSEL -nederlandstalige advocatenorde', zijnde de gegevensdrager die gegevens bevat die door de Stafhouder werden benoemd als niet gedekt door het beroepsgeheim advocaten. Onder de folder **'kredietbeslissingen DD KT'**, hebben wij een document 'kred10.pdf' aangetroffen (gevoegd onder bijlage 04 aan proces-verbaal 45204/2017).

▫ In dat document wordt de situatie rond de kredieten van **DD Manufacturing en KT Collection** op 18/02/2009 doorgelicht.

In de 'executive summary' wordt een beeld gevormd van de situatie

Op dat ogenblik (18/02/2009) werd er gesproken van een debetstand van $ 99,1 miljoen, waarbij er een tekort in 'collateral'/dekking van $ 76,4 miljoen was.

Er werden door de **Antwerpse Diamantbank** weliswaar een aantal bijkomende garanties bekomen, waarbij bijvoorbeeld diamanten in pand werden genomen voor een 'verklaarde' waarde van $ 51 miljoen .

▫ Bovenop brieven om aan te dringen op rechtzetting van de situatie , werd de 'vennootschap' een aantal malen bezocht door commerciëlen van de bank en door de

| | |
|---|---|
| **FEDERALE GERECHT. POLITIE ARR BRUSSEL-HOOFDSTAD - 6458** | **PV nr. 005181/2018** |
| **Onderzoeksafdeling 4** | **Notitie BR.70.99.001748/2016** |
| Koningsstraat 202A, Bus 1 - 1000 Brussel | (T) 02/223.91.97 - (F) 02/223.90.40 |

'special risk officer':

- 2 letters have been sent to the customer in order to urge him to cure the situation as soon as possible, to obtain more information on the status of the companies and on the assets of the guarantors ( the status of the additional information requested is described below )

- Numerous visits have been made to the company by the commercial department and the special risk officer in order to speed up the actions described above.

In proces-verbaal 45204/2017 hebben wij vermeld:

> Het ware nuttig van te achterhalen wie van het 'commercial department' langs is geweest bij DD Manufacturing en wie op dat moment 'special risk officer' was.

▢ Immers, in die periode werd door de heer <u>Daleyot</u> een kunstcollectie in pand gegeven met een 'verklaarde' waarde van $ 28 mio en werd een geschreven belofte ('written commitment')ontvangen van de heer <u>Daleyot</u>, waarin werd gemeld dat de opbrengst ('free funds') van de verkoop van de woonst in <u>Knokke</u> zou overgedragen worden op de rekening van **DD Management** bij **Antwerpse Diamantbank**.

In de situatieschets werd ook een stocklijst van de diamanten van de vennootschappen van de heer <u>Daleyot</u> weergegeven. De stockwaarde zou op dat moment $125.100,00 zijn geweest, waarvan $ 47.000,00 in pand bij **Antwerpse Diamantbank**.

▢ De volgende pagina's van de samenvatting handelen over de risico-analyse en het advies van het '*commercial department*'.

Het beeld dat door het commercial department werd gevormd over de heer <u>Daleyot</u> en zijn vennootschappen lijkt ons eerder verbloemend, vrij positief .

De 'SWOT Analysis' leverde slechts een paar mindere puntjes op:

\*het feit dat de heer <u>Daleyot</u> als enige de zaken runt en de problemen die zouden kunnen ontstaan moest de heer <u>Daleyot</u> plots verdwijnen + het feit dat er geen regeling bestaat over de eventuele opvolging (volgende generatie...);

\***DD Management** en **KT Collection** zijn nog steeds aparte vennootschappen die onder geen groepsconsolidatie vallen.

▢ In het advies aan het LCC van 19/02/2009 (bijlage 04/11 aan proces-verbaal 45204/2017) werd vooropgesteld dat er met de klant duidelijke afspraken dienden gemaakt te worden. In het advies werden een aantal handgeschreven bemerkingen/wijzigingen aangebracht. Onderaan de pagina staat:

"If result of the meeting in unsatisfactory, a forensic auditor is to be appointed in order to establish a clear situation of A/L ."

Op 13/02/2009 besliste het LKC dat een overzicht van alle boekingen over 2008-2009 tussen **DD Manufacturing / KT Collection** en **LKI/LKB** diende bekomen te worden.

FEDERALE GERECHT. POLITIE ARR BRUSSEL-HOOFDSTAD - 6458
Onderzoeksafdeling 4
Koningsstraat 202A, Bus 1 - 1000 Brussel

PV nr. 005181/2018
Notitie BR.70.99.001748/2016
(T) 02/223.91.97 - (F) 02/223.90.40

▢ Ingevolge deze informatie hebben wij in proces-verbaal 45204/2017 vermeld:

> Wij zullen natrekken of er ingevolge de vermelding: "If result of the meeting in unsatisfactory, a forensic auditor is to be appointed in order to establish a clear situation of A/L ." inderdaad stappen in die richting zijn gezet. Indien niet, kan de vraag gesteld worden waarom niet. Uit verdere informatie van kredietcomités en dergelijke kunnen wij immers opmaken dat de situatie ook na februari 2009 niet echt gunstig geëvolueerd is.



Gezien de belangrijkheid van deze elementen verzoeken wij uw ambt om een opdracht te willen afleveren teneinde ons toe te laten:

1) Bij de verantwoordelijken van **Antwerpse Diamantbank** en/of **KBC** navraag te doen omtrent de personen die als verantwoordelijken van 'commercial' de gesprekken zouden hebben gevoerd met de heer Daleyot - en in het verlengde daarvan desbetreffende personen te kunnen verhoren.

2) Bij de verantwoordelijken van **Antwerpse Diamantbank** en/of **KBC** navraag te doen omtrent het al dan niet aanstellen van een forensic auditor, en in positief geval het verslag van die forensische audit te bekomen.

Waarvan akte,