# EXHIBIT 13

# ANTAXIUS

## ADVOCATEN

Frank VANDEWALLE°⁑
Erik GEVERS°*
Marian VANDEN BROECK°⁑
Filiep DERUYCK⁎°
Wim HERREMAN°
Stefan GELUYCKENS°
Pascal FAES⁎°
Erhard VERMEULEN
Bart ENGELEN
Joke BRABANTS
Pieter WOUTERS
David VERRECKT
Jesse DE BRUYN
Katleen JOOSTENS
Dieter MOENS
Julie WERQUIN
Zozia DANIELS
Seth MARIJSSE
Julie VANGEEL
Caroline VAN HEERS

Léon Stynenstraat 75C
2000 Antwerpen
Tel. : +32 (0)3/248.55.99
Fax: +32 (0)3/248.49.73
E-mail:filiep.deruyck@antaxius.be

De Heer P. GAUDIUS
Onderzoeksrechter in de Nederlandstalige
Rechtbank van Eerste Aanleg te Brussel
Portalisgebouw
Quatre Brasstraat 4
1000 BRUSSEL

*Per drager*

Antwerpen, 17 april 2018

Mijnheer de Onderzoeksrechter,

**Betreft**   : **KBC BANK NV / OM**
Ref. OR    : 2016/0113
Parketnr.  : BR70.99.1748-16
Mijn ref.  : 0666/17/FD

Staat U mij toe terug te komen op dit dossier.

Ik heb U in mijn brief d.d. 7 april 2017 aan Uw Ambt gewezen op het bestaan van de burgerlijke RICO-procedure, die voor de rechtbank van New York werd opgestart ingevolge een dagvaarding van LKI tegen KBC Bank en ADB, die reeds dateert van 23 december 2011 (zie p. 17 van mijn brief d.d. 7 april 2017, i.h.b. randnummer 25; zie tevens de *update* in mijn brief d.d. 19 maart 2018, p. 4).

De advocaten die KBC bijstaan in die procedure (met name Orrick Herrington & Sutcliffe LLP) ontvingen op 29 maart 2018 per mail een brief van de advocaten die optreden namens LKI (met name Schulte Roth & Zabel LLP), met in bijlage de brief die door de Federale Gerechtelijke Politie Brussel Hoofdstad, meer bepaald door Hoofdinspecteur André Van de Gucht, op 28 maart 2018 werd gestuurd aan LKB en aan LKI. U vindt voor de goede orde kopie van deze brief d.d. 28 maart 2018 als *bijlage 1* bij deze brief.

In die brief verzoekt de Federale Gerechtelijke Politie LKB en LKI om bijkomende informatie.

---

⁎ Burgerlijke Coöperatieve Vennootschap met Beperkte Aansprakelijkheid "ANTAXIUS ADVOCATEN" (Ond.nr. 0476.240.997 en BTW nr. BE 0476.240.997) wordt als exclusieve contractspartij beschouwd. Haar totale aansprakelijkheid is beperkt tot de uitkering van haar beroepsaansprakelijkheidsverzekering.
° Advocaten die hun beroep uitoefenen in een burgerlijke vennootschap die de vorm van een BVBA heeft aangenomen: BVBA Advocatenkantoor Frank Vandewalle (Ond.nr. 0466.989.117); BVBA Advocatenkantoor Erik Gevers (Ond.nr. 0466.897.221); BVBA Advocaat Marian Vanden Broeck (Ond.nr. 0444.799.537); BVBA Advocatenkantoor Filiep Deruyck (Ond.nr. 0822.389.358); BVBA Advocatenkantoor Stefan Geluyckens (Ond.nr. 0829.400.280); BVBA Advocatenkantoor Wim Herreman (Ond.nr. 832.664.925); BVBA Pascal Faes (Ond. nr. 0462.500.156).
⁑ Of Counsel

a) Vooreerst wordt kopie gevraagd van alle documenten die KBC en/of ADB hebben geproduceerd in het kader van de RICO-procedure voor de rechtbank in New York.

In mijn brief d.d. 7 april 2017 heb ik U gewezen op de zgn. *limited discovery* die in het kader van die procedure werd toegestaan, en die KBC en ADB ertoe hebben genoopt om tienduizenden stukken over te maken aan LKI.

Zoals ik U eveneens heb meegedeeld, wil KBC BANK NV uiteraard alle medewerking verlenen aan Uw onderzoek en staat zij te Uwer beschikking. U vindt in *bijlage 2* bij deze brief dan ook twee CD-roms, waarop alle documenten, die in de RICO-procedure door KBC en ADB werden geproduceerd, werden opgeslagen.

Daarbij dient te worden herhaald dat bepaalde van deze documenten in overeenstemming met de Wet Verwerking Persoonsgegevens van 11 december 1998 en conform de regels van de rechtbank van New York in een *redacted* versie werden geproduceerd, daar zij vertrouwelijke informatie bevatten (bv. informatie over andere klanten van de Bank of communicatie tussen de Bank en haar advocaten).

b) Vervolgens wordt gevraagd dat de *"onderliggende documenten"* m.b.t. het rapport d.d. 19 maart 2013 van het onderzoeksbureau G3 (*Good Governance Group*) door dat onderzoeksbureau zouden worden overgemaakt.

Dit zogenaamde "rapport" van G3 lag jaren geleden al aan de basis van de klacht met burgerlijke partijstelling van LKI tegen ADB d.d. 22 maart 2013 wegens beweerde private omkoping in hoofde van directieleden van ADB, over welke procedure ik U heb ingelicht in mijn brief d.d. 7 april 2017 (meer bepaald p. 11 e.v., nr. 17 e.v.). Het rapport d.d. 19 maart 2013 werd bij die klacht gevoegd als stuk 3. U vindt het voor de goede orde als *bijlage 3* bij deze brief.

In die strafzaak heeft het Openbaar Ministerie op 19 april 2013 een vordering tot de Raadkamer te Antwerpen gericht, ertoe strekkende vast te stellen dat de aanstelling van LKI als burgerlijke partij niet toelaatbaar is. Deze vordering d.d. 19 april 2013 werd overgemaakt als bijlage 25 bij mijn brief d.d. 7 april 2017, maar wordt voor de goede orde nogmaals als *bijlage 4* bij deze brief gevoegd.

U zal vaststellen dat het Openbaar Ministerie het rapport van G3 d.d. 19 maart 2013 in de meest klare bewoordingen afwees:

> *"De samenvattingen/onderzoeksverslagen zijn geen stukken die de aantijgingen over private corruptie op enige wijze onderbouwen of aannemelijk maken."*
> (p. 6 van de vordering van het O.M. d.d. 19 april 2013).

2

Eén en ander is *"puur giswerk"*, daar in het rapport *"niet wordt verwezen naar één enkel stuk"* en daar de *"bevindingen"* van het rapport *"uit niets blijken en door zelfs niet een begin van schriftelijk bewijs worden gestaafd"* (p. 6 en p. 7 van de vordering van het O.M. d.d. 19 april 2013).

In de verdere procedure m.b.t. deze klacht met burgerlijke partijstelling heeft LKI nooit enig onderliggend stuk voorgelegd en werd de duidelijke kritiek van het Openbaar Ministerie bijgevolg nooit weerlegd.

Deze procedure eindigde dan ook met een arrest van de Kamer van Inbeschuldigingstelling te Antwerpen d.d. 15 juli 2014, waarin – met toepassing van artikel 235*bis* Sv. en op vordering van de Procureur-generaal ingevolge artikel 136*bis*, $2^{de}$ lid Sv. – werd beslist dat de burgerlijke partijstelling van LKI *ab initio* niet ontvankelijk is en de strafvordering niet rechtsgeldig op gang werd gebracht. Dit arrest van de Kamer van Inbeschuldigingstelling te Antwerpen d.d. 15 juli 2014 werd U overgemaakt als bijlage 27 bij mijn brief d.d. 7 april 2017, maar wordt voor de goede orde nogmaals als *bijlage 5* bij deze brief gevoegd. Het cassatieberoep dat tegen dit arrest werd aangetekend, werd verworpen bij arrest van het Hof van Cassatie d.d. 28 april 2015, dat U werd overgemaakt als bijlage 28 bij mijn brief d.d. 7 april 2017 maar voor de goede orde nogmaals als *bijlage 6* bij deze brief wordt gevoegd.

Overigens en ten overvloede: ook op de herhaalde vragen van KBC en ADB om de "onderliggende stukken", waarop de bevindingen van het rapport van G3 zouden zijn gebaseerd, over te maken, werd door LKI nooit met ook maar één stuk gereageerd.

Volgens KBC Bank bestaan de "onderliggende documenten" waarop het zogenaamde rapport van G3 zou zijn gebaseerd, dus eenvoudigweg niet. Het zou KBC Bank ook ten zeerste verbazen dat LKI en LKB plots wel over dergelijke "onderliggende documenten" zouden beschikken, terwijl ze die in de afgelopen vijf jaar nooit hebben voorgelegd.

c) Tenslotte wordt gevraagd of de *nostro-account* van ADB bij KBC New York voor het jaar 2009 kan bekomen worden.

In mijn brief aan Uw Ambt d.d. 23 juni 2017 heb ik U meegedeeld dat de gegevens m.b.t. deze rekening voor het jaar 2009 niet konden worden teruggevonden, wellicht wegens de omschakeling naar een ander softwaresysteem (zie p. 2, vierde streepje, van deze brief).
Intussen is bevestigd dat deze rekening voor het jaar 2009, omwille van een technisch IT-probleem, inderdaad jammer genoeg niet meer kan worden gereproduceerd. Dit werd door de Heer Herman Van Hecke, hoofdadviseur en bedrijfsjurist bij KBC, reeds mondeling meegedeeld aan Hoofdinspecteur Van de Gucht.
In *bijlage 7* bij deze brief vindt U een mail d.d. 7 februari 2018 van KBC New York (meer bepaald van de Heer Atul Nandakar, Director ICT Applications Support), waarin bevestigd wordt dat de gegevens voor 2009 niet meer kunnen worden opgeleverd. In *bijlage 8* bij deze brief vindt U een mail d.d. 13 april 2018 van KBC New York (nogmaals van de Heer Atul Nandakar), waarin de reden daarvoor wordt aangegeven.

3

LKB en LKI kunnen deze informatie dus onmogelijk bekomen in New York, want ze bestaat niet meer.

*   *<br>*

KBC blijft te Uwer beschikking staan voor verdere toelichting bij de inhoud van deze brief en zijn bijlagen.

Ik teken, Mijnheer de Onderzoeksrechter,

Met de meeste hoogachting,<br><br>Filip DERUYCK

*Bijlagen*

*1. Brief d.d. 28 maart 2018 van de Federale Gerechtelijke Politie Brussel Hoofdstad aan LKB en LKI.*
*2. Twee CD-roms, inhoudende alle documenten die door KBC en/of ADB werden geproduceerd in het kader van de RICO-procedure voor de rechtbank van New York.*
*3. Rapport G3 d.d. 19 maart 2013.*
*4. Vordering van het Openbaar Ministerie d.d. 19 april 2013 voor de Raadkamer te Antwerpen.*
*5. Arrest van de Kamer van Inbeschuldigingstelling te Antwerpen d.d. 15 juli 2014.*
*6. Arrest van het Hof van Cassatie d.d. 28 april 2015.*
*7. Mail d.d. 7 februari 2018 van KBC New York aan KBC België.*
*8. Mail d.d. 13 april 2018 van KBC New York aan KBC België.*