# EXHIBIT 14

ANTAXIUS
Attorneys

Mr. P. GAUDIUS
Examining magistrate with the Dutch-language
Court of First Instance in Brussels
Portalis building
Quatre Brasstraat 4
1000 BRUSSELS

*By carrier*

Antwerp, 17 April 2018

Mr. Examining magistrate,

| | |
|---|---|
| Regarding: | KBC BANK NV / OM |
| Ref. OR: | 2016/0113 |
| Prosecution No.: | BR70.99.1748-16 |
| My ref.: | 0666/17/FD |

Allow me come back to this dossier.

In my letter of 7 April 2017, I have indicated to Your Office the existence of the civil RICO procedure, which was initiated before the court of New York as a result of a summons by LKI against KBC Bank and ADB, which dates from 23 December 2011 (see p. 17 of my letter of 7 April 2017, particularly marginal number 25; see also the update in my letter of 19 March 2018, p. 4).

The attorneys who assist KBC in this procedure (namely Orrick Herrington & Sutcliffe LLP) received on 29 March 2018 by email a letter from the attorneys representing LKI (namely Schulte Roth & Zabel LLP), with in annex the letter which was sent by the Federal Judicial Police Brussels Capital, more specifically by Chief Inspector André Van de Gucht, on 28 March 2018 to LKB and to LKI. For the record, you will find a copy of this letter of 28 March 2018 as *annex 1* to the present letter.

In this letter, the Federal Judicial Police asks LKB and LKI for additional information.

a) firstly a copy is requested of all documents produced by KBC and/or ADB in the purview of the RICO procedure before the court in New York.

In my letter of 7 April 2017 I indicated to You the so-called limited discovery which was granted in the purview of this procedure, and which led KBC and ADB to submit tens of thousands of exhibits to LKI.

As I already communicated, KBC BANK NV naturally wishes to fully cooperate with Your investigation and is at Your disposal. You will therefore find in *annex 2* to the present letter two CD roms, onto which are stored all documents produced in the RICO procedure by KBC and ADB.

It bears repeating that, in accordance with the Law on the Processing of Personal Information of 11 December 1998 and in accordance with the rules of the court of New York, a redacted version of some of these documents was produced, as they contain confidential information (e.g. information regarding other clients of the Bank or communication between the Bank and its attorneys).

b) then it is requested that the *"underlying documents"* regarding the report of 19 March 2013 by the research agency G3 (Good Governance Group) be transferred by this research agency.

Years ago, this so-called "report" by G3 was at the basis of the complaint with constitution of civil party by LKI against ADB of 22 March 2013 due to alleged private bribery by management members of ADB, a procedure of which I informed You in my letter of 7 April 2017 (more specifically, p. 11 and further, No. 17 and further). The report of 19 March 2013 was adjoined to this complaint as exhibit 3. You will find it, for the record, as *annex 3* to this letter.

In this criminal case, the Public Prosecution directed a claim on 19 April 2013 to the Council Chamber in Antwerp, with the aim to ascertain that the appointment of LKI as civil party is not admissible. This claim of 19 April 2013 was transferred as annex 25 to my letter of 7 April 2017, but is again adjoined to this letter as *annex 4* for the record.

You will find that the Public Prosecution rejected the report by G3 of 19 March 2013 in the most unequivocal wording:

*"The summaries/research reports are not exhibits that in any way underpin or render plausible the allegations on private corruption."*
(p. 6 of the claim by the Public Prosecution of 19 April 2013).

The matter pertains to *"pure guessing"*, as the report *"does not refer to a single exhibit"* and as the *"findings"* of the report *"are not apparent from anything and are not underpinned by even the slightest of written proof"* (p. 6 and 7 of the claim by the Public Prosecution of 19 April 2013).

In the further procedure pertaining to this complaint with constitution of civil party, LKI never presented any underlying exhibit, and the clear criticism by the Public Prosecution was thus never refuted.

This procedure therefore ended by a judgment by the Arraignment Chamber in Antwerp of 15 July 2014 wherein – in application of article 235*bis* of the Criminal Procedural Code and upon the request of the Prosecutor-general pursuant to article 136*bis*, 2nd paragraph of the Criminal Procedural Code – it was decided that the constitution of civil party by LKI is *ab initio* not admissible and the criminal claim was not initiated lawfully. This judgment by the Arraignment Chamber in Antwerp of 15 July 2014 was transferred to You as annex 27 to my letter of 7 April 2017, but is for the record again adjoined to this letter as *annex 5*. The cassation appeal lodged against this judgment, was rejected by judgment of the Court of Cassation of 28 April 2015, transferred to You as annex 28 to my letter of 7 April 2017 but adjoined once more for the record to the present letter as *annex 6*.

Moreover, and for the sake of redundancy: LKI likewise never responded with as much as a single exhibit to the repeated requests by KBC and ADB for the "underlying exhibits", on which the findings of the report by G3 were allegedly based.

According to KBC Bank, the "underlying documents" on which the so-called G3 report were based therefore simply do not exist. It would also greatly surprise KBC Bank if LKI and LKB suddenly did have such "underlying documents", while they were never presented during the past five years.

c) lastly, it is asked whether the nostro account of ADB with KBC New York for the year 2009 could be obtained.

In my letter to Your Office of 23 June 2017, I communicated to You that the information pertaining to this account for the year 2009 could not be found, likely due to the switch to another software system (see p. 2, fourth point, of this letter).
Meanwhile it has been confirmed that this account for the year 2009, due to a technical IT-related issue, can indeed never again be produced, unfortunately. This was already verbally communicated to Chief Inspector Van de Gucht by Mr. Herman Van Hecke, chief advisor and company attorney with KBC.
In *annex 7* to this letter You will find an email of 7 February 2018 from KBC New York (more specifically from Mr. Atul Nandakar, Director ICT Applications Support), in which it is confirmed that the information for 2009 can no longer be provided. In *annex 8* to this letter You will find an email of 13 April 2018 from KBC New York (again from Mr. Atul Nandakar), wherein there reasons for this are indicated.

It is therefore impossible for LKB and LKI to obtain this information in New York, it no longer exists.

* *<br>*

KBC remains at Your disposal for further clarification of the contents of this letter and its annexes.

I sign, Mr. Examining Magistrate,

> Yours sincerely,
> *(signed)*
> Filiep DERUYCK

*Annexes*

*1. Letter of 28 March 2018 from the Federal Judicial Police Brussels Capital to LKB and LKI.*
*2. Two CD roms, containing all documents produced by KBC and/or ADB in the purview of the RICO procedure before the court of New York.*
*3. G3 report of 19 March 2013.*
*4. Claim by the Public Prosecution of 19 April 2013 before the Council Chamber in Antwerp.*
*5. Judgment by the Arraignment Chamber in Antwerp of 15 July 2014.*
*6. Judgment by the Court of Cassation of 28 April 2015.*
*7. Email of 7 February 2018 from KBC New York to KBC Belgium*
*8. Email of 13 April 2018 from KBC New York to KBC Belgium*